**STATE of Maine**

v.

**Bruce FLASH.**

Supreme Judicial Court of Maine.

Argued March 4, 1980.

Decided Aug. 6, 1980.

---

Henry N. Berry, III, Dist. Atty., Peter G. Ballou (orally), Deputy Dist. Atty., John Kugler, Asst. Dist. Atty., Portland, for plaintiff.

Berman, Berman & Simmons, P.A., Jack H. Simmons, William D. Robitzek, Lewiston (orally), for defendant (on appeal only).

Before McKUSICK, C. J., and GOD-FREY, NICHOLS, GLASSMAN and ROB-ERTS, JJ.

GODFREY, Justice.

Defendant Bruce Flash was found guilty by a Cumberland County jury of the crime of robbery while armed with a dangerous weapon, Class A, 17–A M.R.S.A. § 651 (1979). After the trial justice had denied a post-verdict motion for judgment of acquittal and imposed sentence, this timely appeal was filed. Defendant contends that the trial court erred (1) in not excluding an in-court identification allegedly tainted by an impermissibly suggestive out-of-court identification, (2) in not declaring a mistrial, *sua sponte*, when an out-of-court identification was introduced through inadmissible hearsay evidence, and (3) in failing to instruct the jury properly regarding the statutory presumption relating to a dangerous weapon. We affirm the judgment of conviction.

## I. *Facts.*

On October 16, 1976, the Pizza Plus restaurant in Scarborough was robbed by two men who wore nylon stockings over their heads. The taller of the two men carried what appeared to be a sawed-off shotgun. The shorter man took approximately $300 from the cash register and placed it in a paper bag. They immediately fled.

Nearly a year later, on October 6, 1977, Susan O'Donald and Ronald Hartley, the two Pizza Plus employees working at the time of the robbery, were each shown a photographic line-up by the police. Each

promptly identified the defendant as one of the robbers. However, Ms. O'Donald was not completely positive about her identification. Although the police report stated that Ms. O'Donald identified defendant as the shorter man without the weapon, both Ms. O'Donald and the officer who drafted the report testified at trial that the report was wrong and that her identification was of defendant as the taller of the two men.

Defendant was tried by jury in May, 1979, approximately two and one-half years after the robbery. On the morning of the trial, Ms. O'Donald observed the defendant in the hall outside the courtroom, handcuffed and in the custody of a uniformed deputy sheriff. Later, while testifying, she positively identified the defendant in the courtroom as the taller robber who had carried the weapon.

The State called as a witness one Anthony Morey, who had earlier pleaded guilty as an accomplice to the crime and was awaiting sentencing. He testified that he drove the defendant and another man to the vicinity of the Pizza Plus restaurant on the night in question and that he observed the two walk in the direction of the restaurant, return shortly thereafter with a paper bag, and remove stockings from their heads. Morey also testified that he saw defendant throw a gun out the window of the van.

Detective Richard Olsen, also called as a state's witness, testified to the photographic identifications made by Ms. O'Donald and Mr. Hartley. Hartley was not called as a witness at trial. The presiding justice *sua sponte* ordered the testimony regarding Hartley's identification stricken as inadmissible hearsay and instructed the jury to disregard the evidence so stricken from the record.

At the conclusion of all the evidence, the presiding justice instructed the jury to return one of five possible verdicts:

(1) guilty of robbery while armed with a dangerous weapon, namely, a firearm;

(2) guilty of robbery while armed with a dangerous weapon other than a firearm;

(3) guilty of robbery;

(4) guilty of theft; or

(5) not guilty.

The jury found defendant guilty of robbery with a dangerous weapon other than a firearm, and defendant was sentenced to a term of six years at Maine State Prison.

## II. *The In-Court Identification.*

As his first claim of error, the defendant argues that the in-court identification of defendant by Ms. O'Donald should have been excluded from evidence. Defendant concedes that the meeting in the hallway prior to trial was inadvertent. However, he urges that the circumstances under which Ms. O'Donald observed him were highly suggestive because he was handcuffed and in police custody, and he contends that the subsequent in-court identification was unreliable.

■ The due process right to a fair trial is violated when an out-of-court confrontation occurs which is unnecessarily or impermissibly suggestive and which creates a substantial likelihood of error in identification. *State v. Commeau*, Me., 409 A.2d 247 (1979); *Green v. Loggins*, 614 F.2d 219 (9th Cir. 1980).

■ We do not find the confrontation in the present case unduly suggestive. Defendant concedes that Ms. O'Donald's pretrial observation of him was inadvertent. Although defendant was in police custody at the time, Ms. O'Donald testified that she had seen a number of manacled defendants in the hallway outside the courtroom throughout the preceding day and again that morning. Nothing in the record suggests that defendant was markedly distinguishable from any of the other prisoners so observed. *See State v. Doughty*, Me., 408 A.2d 683 (1979).

■ In addition, in accordance with our directive in *State v. Cefalo*, Me., 396 A.2d 233 (1979), the presiding justice determined from all the circumstances that Ms. O'Donald's in-court identification of the defendant was based on an independent

source. This case is thus distinguishable from *State v. Commeau, supra,* where the state was unable to prove the reliability of the identification by clear and convincing evidence. Absent a constitutional due process flaw in the identification procedures, the issue of reliability is properly submitted for the jury's consideration. *State v. Ouellette,* Me., 358 A.2d 538 (1976). The trial justice correctly overruled defendant's motion to exclude the in-court identification.

### III.  *The Hearsay Identification Testimony.*

Defendant contends that the presiding justice erred in not declaring a mistrial when Detective Olsen testified to an out-of-court photographic identification of defendant by Ronald Hartley. Defense counsel did not object to Detective Olsen's testimony until after cross-examining the witness regarding details of the photographic array, then moved to strike the evidence on the basis of a discovery violation. The court ordered the testimony stricken as inadmissible hearsay and twice instructed the jury to disregard the evidence so stricken. Defense counsel neither objected to the curative instructions nor moved for a mistrial. On appeal, defendant contends that the introduction of Hartley's out-of-court identification was so inherently prejudicial that curative instructions were insufficient and a new trial was required.

■ Because Mr. Hartley was unavailable for cross-examination, the hearsay testimony was improperly before the jury. M.R.Evid. 801 and 802. The general rule, as stated in *State v. Heald,* Me., 292 A.2d 200 (1972), is that where evidence is erroneously admitted, the error may be cured by striking the evidence from the case and clearly and positively instructing the jury to disregard it. An exception to this rule is recognized, and a new trial will be granted, where the testimony is so prejudicial that its removal from evidence cannot remedy the harmful effect of its admission. *State v. Heald, supra* at 203.

■ Whether a mistrial should be granted is a question traditionally addressed to the sound discretion of the trial court. Where inadmissible evidence has been admitted, it is for the presiding justice to determine what effect such evidence may have had on the jury and whether the evidence is of such a nature that the jury can be reasonably expected to disregard it when so instructed. Appellate review is limited to a consideration of whether the trial court abused that discretion.

■ An additional factor must be considered where, as here, defendant never requested that a mistrial be declared. A criminal defendant is entitled to a verdict from the jury originally impaneled and sworn to try him. *State v. Sanborn,* 157 Me. 424, 173 A.2d 854 (1961). Except in the event of manifest necessity, a case may not be withdrawn by the court from the jury without consent of the accused. *State v. Linscott,* Me., 416 A.2d 255 (Dec. No. 2359, 1980); *United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). The hearsay identification testimony erroneously admitted in the instant case was not so exceptionally prejudicial that the failure to declare a mistrial, *sua sponte,* amounted to an abuse of discretion. The testimony in question was essentially cumulative. On three separate occasions, Ms. O'Donald identified the defendant as one of the burglars. An accomplice testified to transporting defendant and another man to the vicinity of the Pizza Plus restaurant on the night of the robbery and to observing the defendant remove a stocking mask from his face and throw a gun from the window of the vehicle.

The record reveals no circumstances that required the granting of a mistrial. Accordingly, we defer to the decision of the trial justice.

### IV.  *"Armed with a Dangerous Weapon."*

At the conclusion of the evidence, the jury was instructed about five possible verdicts, including robbery while armed with a dangerous weapon, to wit, a firearm, and robbery while armed with a dangerous weapon other than a firearm. Robbery while armed with a dangerous weapon, of

which crime defendant was found guilty, is a Class A offense whether committed with a firearm or some other type of weapon capable of producing death or serious bodily injury. However, 17–A M.R.S.A. § 1252(5) provides that if the state pleads and proves that a Class A crime was committed with a firearm against a person, a minimum sentence of four years imprisonment shall be imposed. For the purpose of applying the provision "armed with a dangerous weapon," the criminal code provides, in subdivision 9(D) of section 2, that a thing presented in a covered or open manner as a dangerous weapon shall be presumed to be a dangerous weapon. The presiding justice instructed the jury regarding this statutory presumption as follows:

> If a thing is presented as a weapon in an open or covered manner, you are permitted—you are not compelled but you are permitted—to infer that the thing was a dangerous weapon and conclude, if you see fit to do so, that it was a dangerous weapon.

This instruction was coupled with a general charge relative to proof beyond a reasonable doubt.

Defendant argues on appeal that the trial court erred by not instructing the jury that it must find the existence of the preliminary facts beyond a reasonable doubt in order to reach a verdict of guilty on the basis of the statutory permissible inference. It is true that where the state rests its case as to an element of the crime charged entirely on a permissible inference, the state must establish beyond a reasonable doubt the facts from which the inference is to be drawn. *See County Court of Ulster County v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). It is not required, however, that a separate instruction be given when a permissive inference is charged. The trier of fact is free to accept or reject the inference. No burden is placed upon the defendant. The trial court's general instruction relative to burden of proof was therefore applicable and sufficient.

Defendant argues finally that the jury's finding that the theft was committed with a dangerous weapon other than a firearm was not rational. In essence, defendant complains because the jury found some instrument not to be a firearm—perhaps because they were not convinced it was operable as a firearm—yet inferred that it was a "dangerous weapon", capable of causing death or serious bodily injury.

This point of appeal is controlled by *State v. Heald, supra,* wherein we re-applied the majority rule that a defendant cannot be heard to complain of an error which works to his advantage because he is not thereby prejudiced. Neither the trial court's instruction on the point nor the jury's verdict is open to objection. Moreover, defense counsel acquiesced in the charge, and, in response to a request by the jury for clarification of the five possible verdicts, merely asked that the five alternatives be written out on separate pieces of paper. There was no error.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.