**STATE of Maine**

v.

**R. Timothy OSGOOD.**

Supreme Judicial Court of Maine.

Argued Jan. 21, 1986.

Decided Feb. 24, 1986.

R. Christopher Almy, Dist. Atty., Philip Worden (orally), Asst. Dist. Atty. Bangor, for plaintiff.

Tanous & Heitmann, Norman S. Heitmann, III (orally), Millinocket, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

The defendant, R. Timothy Osgood, appeals from a judgment of conviction entered by the Superior Court (Penobscot County) after a jury found him guilty of operating a motor vehicle while under the influence of intoxicating liquor in violation of 29 M.R.S.A. § 1312–B (Supp. 1985–1986).[1] He assigns as error the prosecutor's misstatement of the law made during closing argument, contending that the presiding justice's jury instructions did not cure the prejudicial effect of the remarks. He also argues that the court erred in denying his motions for a continuance and in admitting in evidence his refusal to submit to a blood alcohol test. Finally, he challenges the sufficiency of the evidence to sustain his conviction. We affirm the judgment.

In his closing argument to the jury, the prosecutor misstated the law with respect to a blood alcohol test. He erroneously suggested that had the defendant submitted to a test and the results showed a blood-alcohol level between 0.05% and 0.10%, the defendant could have cleared himself of the OUI charge. Title 29 M.R.S.A. § 1312(5)(B) (1978) provides that a test within such limits is relevant but not prima facie evidence that the defendant was not under the influence. Only if a blood-alcohol test is 0.05% or less does it constitute prima facie evidence that the defendant was not under the influence of intoxicating liquor. 29 M.R.S.A. § 1312(5)(A) (1978). When the defendant objected to the prosecutor's remarks, the presiding justice

1. Section 1312–B provides in pertinent part:

 **1. Offense.** A person is guilty of a criminal violation under this section if he operates or attempts to operate a motor vehicle:

 **A.** While under the influence of intoxicating liquor and drugs or a combination of liquor and drugs; or
 **B.** While having 0.10% or more by weight of alcohol in his blood.

agreed to include a curative instruction in his final charge to the jury. After the court completed its jury instructions, the defendant objected, contending that the trial justice failed adequately to explain that the defendant had no responsibility to prove his innocence by taking the test. Although the presiding justice considered the instructions adequate, he reinstructed the jury that the defendant had no burden of proving his innocence. On appeal, the defendant argues that the justice abused his discretion in failing to remove the inference that the defendant was in some degree obligated to prove his innocence. We disagree.

The record clearly demonstrates that the presiding justice's charge eliminated any adverse inference created by the prosecutor's misstatement. The justice emphasized that the State bore the entire burden of proving beyond a reasonable doubt all the elements of operating under the influence and, on two separate occasions, that the defendant had no obligation whatsoever to prove his innocence. Moreover, he instructed the jury that statements and opinions of counsel were not to be considered as evidence and that they were to apply the law as set forth in the charge and were to disregard any reference to test results. In the absence of evidence to the contrary, we must assume that the jury followed the presiding justice's instructions. Accordingly, any prejudicial inference that might have been drawn from the prosecutor's remarks was nullified by the justice's charge to the jury. *See State v. Trafton,* 425 A.2d 1320, 1324 (Me.1981);

*State v. Bazinet,* 372 A.2d 1036, 1040 (Me. 1977); *see also State v. Brown,* 410 A.2d 1033, 1037 (Me.1980). We therefore find no merit to the defendant's contention that the presiding justice committed error by not "spelling out" in his jury instructions the reasons for disregarding the prosecutor's misstatement.

The defendant's remaining contentions are also without merit. First, contrary to the defendant's assertion, it was well within the presiding justice's discretion to deny the defendant's motions for a continuance made on the morning of trial where both motions were solely based on the fact that the defendant and his counsel were surprised that the case was reached for trial when there were several cases ahead of it on the trailing docket trial list. *See State v. Winchenbach,* 501 A.2d 1282, 1284–85 (Me.1985); *State v. Reed,* 479 A.2d 1291, 1295 (Me.1984). Second, we find no reason to consider whether the introduction of the defendant's refusal to submit to a breath or blood test violated his privilege against self-incrimination as provided by Article I, Section 6 of the Maine Constitution.[2] Since the defendant neither raised that issue before the trial court nor demonstrated on this record that the admission of the refusal deprived him of a fair trial, it is inappropriate for us to decide that issue at this time. *See State v. Dunn,* 480 A.2d 788, 790 (Me.1984). Third, the defendant argues that the presiding justice erred in admitting the evidence of his refusal to take the test because of the State's alleged failure to prove the officer complied with 29 M.R.S.A. § 1312(1) (Supp. 1985–1986).[3]

2. In pertinent part, Article 1, Section 6 provides that an accused in all criminal prosecutions "shall not be compelled to furnish or give evidence against himself...." *Cf. South Dakota v. Neville,* 459 U.S. 553, 563–64, 103 S.Ct. 916, 922–21, 74 L.Ed.2d 748 (1983); *see also State v. Baker,* 502 A.2d 489 (Me.1985).

3. Subsection 1 in pertinent part provides:
**1. Prerequisites to tests.** Before any test specified is given, the law enforcement officer shall inform the person as to whom there is probable cause that, if he fails to comply with the duty to submit to and complete a test to

determine the level of blood-alcohol at the direction of the law enforcement officer, his license or permit to operate, his right to operate or his right to apply for or obtain a license will be suspended for 180 days or, in the case of a 2nd or subsequent failure to submit to and complete that test within a 6-year period, one year. The officer should also inform the person that the failure to comply with the duty to submit to a blood-alcohol test shall be admissible in evidence against him at any trial for operating under the influence of intoxicating liquor.

Because the defendant did not object to any alleged deficiencies in the foundation laid by the State regarding the arresting officer's compliance with subsection 1312(1), we review for obvious error and find none. *See State v. Smith,* 455 A.2d at 430; M.R.Crim.P. 52(b).

█ Finally, the defendant challenges the sufficiency of the evidence. The evidence, viewed in the light most favorable to the State, *see State v. Barry,* 495 A.2d 825, 826 (Me.1985), reveals that the arresting officer stopped the defendant after noticing that the vehicle he was operating was slowly weaving back and forth from the center line to the shoulder of the road and straddling the center line; that the defendant's eyes were red and dilated; that his speech was slurred and his breath smelled of alcohol. The evidence further demonstrates that the defendant was unable to perform successfully a field sobriety test. The defendant's particular challenge to the evidence relates to the weight and credibility of the officer's testimony. Such matters, however, are within the exclusive province of the trier of fact. *See State v. Ruprecht,* 458 A.2d 418, 419 (Me.1983). On this evidence, the jury could rationally conclude beyond a reasonable doubt that the defendant was guilty of operating a motor vehicle while under the influence of intoxicating liquor. *See State v. Durgan,* 467 A.2d 165, 166 (Me.1983).

The entry is:

Judgment affirmed.

All concurring.

Title 29 M.R.S.A. § 1312(8) (Supp. 1985–1986) provides that the failure of a law enforcement officer "to give either of the warnings required under subsection 1, the failure of the person to comply with the duty to submit to a blood-alcohol test shall not be admissible."