**STATE of Maine**

**v.**

**Thomas AUSTIN.**

Supreme Judicial Court of Maine.

Argued Sept. 19, 1986.
Decided Dec. 16, 1986.

---

Paul Aranson, Dist. Atty., Margot Joly (orally), Law Student Intern, Portland, for plaintiff.

Lang, Huston & Boutin, Daniel Boutin (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

Thomas Austin appeals his convictions in the Superior Court, Cumberland County, upon jury verdicts of guilty of burglary, 17-A M.R.S.A. § 401, and theft, 17-A M.R.S.A. § 353. Austin challenges, *inter alia*, the denial of his motion to suppress evidence, the admission of certain photographs despite an alleged discovery violation, the jury instructions relating to the presumption of guilt arising from exclusive possession of recently stolen property, and the sufficiency of the evidence to support his convictions. We affirm the judgments.

### I.

On May 3, 1985, at about 7:00 p.m., Roger Kolterman observed a van moving back and forth in his driveway in Falmouth. He went out to investigate and observed two men in the van. The driver asked Kolterman if he knew where the Portland Yacht Club was located. When Kolterman declined to provide directions, the van drove away. His suspicions aroused, Kolterman noted the Massachusetts registration number of the van and advised the Falmouth police of his suspicion. The police discovered that the Massachusetts registration plate was issued to a different vehicle. In the meantime, Kolterman went out riding to look for the van. About an hour later he saw the van in the parking lot of the Foreside Community Church in Falmouth. He called the police again.

Falmouth and state police officers cooperated in stopping the vehicle on the Maine Turnpike Extension. The police discovered prior to stopping the vehicle that the van had a tail light out, a partially obstructed registration plate and an expired registration sticker. The van did not immediately stop when the state police cruiser flashed its blue lights, and eventually the van had to be forced onto a median strip. The driver of the vehicle jumped out, apparently to flee, while the passenger (Austin) remained in the van. The police handcuffed both occupants and had them lie on the ground behind the van. The police opened a sliding door of the van in order to ascertain whether any other persons were present. Although they did not search the

vehicle beyond opening the door, the police discovered several Oriental rugs. The vehicle was impounded and later searched pursuant to a search warrant. The rugs were subsequently identified as stolen from a home located next to the Foreside Community Church.

## II.

Austin contends that at the time the van was stopped on the turnpike the police had no probable cause to arrest for anything but motor vehicle violations and no basis for a search of the van. The State responds by arguing that Austin lacks standing to challenge the search. Because the trial court did not address the issue of standing and because we find no error in its ruling on the search, we need not address on appeal the question of standing.

■ Austin concedes that the operator of the van was properly arrested for motor vehicle violations. He claims, however, that the arrest did not authorize a general search of the van. He argues that subsequent to the physical restraint of the occupants of the van no further search incident to arrest was necessary. In fact, no general search of the van occurred prior to the issuance of the search warrant. Rather, the officers opened the sliding door on the side of the van to determine whether other persons were in the vehicle. In view of the evasive action taken by the van and the attempted flight of its operator, we conclude that the minimal intrusion occurring here was a permissible search incident to arrest. *State v. Lamare*, 463 A.2d 279, 280 (Me.1983). The dicta in *State v. Babcock*, 361 A.2d 911, 915 (Me.1976) and *State v. LeBlanc*, 347 A.2d 590, 595 (Me.1975), relied upon by Austin involved circumstances clearly distinguishable.

## III.

■ Austin contends that certain photographs of the rugs taken from the van were improperly admitted into evidence because the State failed to furnish copies of the photographs to him pursuant to M.R. Crim.P. 16(b)(2). At trial the objection to the photographs was based on the defend-

ant's claim that such discovery had been requested. Upon review of his file, defense counsel conceded that no such request had been made. On appeal Austin relies upon a form furnished by the District Attorney's office which suggests that rule 16(b)(2) discovery will be provided automatically. Austin contends that the form misled him into believing that all rule 16(b)(2) material in existence had been made available to him. Because that issue was not raised before the trial court, we review for obvious error. The form was submitted to defense counsel specifically in response to his motion for discovery which contained no request for photographs. We decline to attribute to the prosecution any misrepresentation and conclude that the trial court committed no obvious error in admitting the photographs. In addition, a discovery violation would not *compel* the relief requested at trial, namely the exclusion of the photographs. Austin does not suggest in any way that his preparation for trial was adversely affected by the State's failure to produce the photographs.

## IV.

■ Austin challenges the jury instructions concerning the presumption arising from possession of recently stolen property codified in 17–A M.R.S.A. § 361(2) (1983). As noted in the comment to section 361, the code provision contains a rule previously applicable in this state. *See State v. King*, 379 A.2d 131, 133 (Me.1977). In accord with M.R.Evid. 303, the court did not instruct in terms of a "presumption". Austin argues, however, that the court did not properly follow the directive of rule 303(c) and the mandate of the Supreme Court in *County Court of Ulster County v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). Because these claims are raised for the first time on appeal, we review them for obvious error. M.R. Crim.P. 52(b), 30(b).

The last sentence of rule 303(c) provides: The charge shall include an instruction to the effect that the jurors have a right to

draw reasonable inferences from facts proved beyond a reasonable doubt and may convict the accused in reliance upon an inference of fact if they conclude that such inference is valid and if the inference convinces them of guilt beyond a reasonable doubt and not otherwise.

Austin argues that the jury was not specifically told that they should test the validity of the proposed inference and that the inference arising from proof of exclusive possession had to convince them of guilt beyond a reasonable doubt. Austin misconceives the thrust of subsection (c). As suggested by the Advisers' Note, the subsection follows our recommendation in *State v. Poulin*, 277 A.2d 493 (Me.1971). In *Poulin* we stated that the rule that possession of recently stolen property will support a finding of guilt was directed to the presiding justice and not to the jury. *Id.* at 500. For that reason we recommended that the trial court avoid the use of language that might be interpreted by lay jurors as *requiring* conviction. *Id.* We concluded with the following observation:

> In other words, they may convict in reliance on the inference of fact arising from recent and exclusive possession of stolen goods *alone,* if as factfinders, they conclude on all the evidence such inference is valid and *if the inference convinces them of guilt beyond a reasonable doubt and not otherwise.*

(Emphasis in original.) *Id. See also State v. Flash*, 418 A.2d 158, 163 (Me.1980). We conclude, therefore, that subsection (c) should be understood to mean that a permissible inference must convince the jury of guilt beyond a reasonable doubt when the state relies *solely* on the inference. In the case at bar, the jury had before it evidence of other circumstances likewise indicative of guilt which they could consider together with the inference arising from possession of recently stolen property.

Moreover, our interpretation of rule 303(c) is not inconsistent with the decision in *County Court of Ulster County v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). In language not here applicable and not inconsistent with our opinion in

*Poulin,* the Supreme Court stated that "the prosecution ... may not rest its case *entirely* on a [*mandatory*] presumption unless the fact proved is sufficient to support the inference beyond a reasonable doubt." *Allen*, 442 U.S. at 167, 99 S.Ct. at 2229 (emphasis added). In Austin's case, the State does not rely entirely upon the section 361 presumption and, in any event, it is not a mandatory presumption. Of course, the fact finder must consider all the circumstances in evidence in weighing the proposed inference. In our review for obvious error, we conclude that the jury instructions in totality were adequate to protect Austin's substantial rights.

Although Austin preserved for appellate review his objection to the court's refusal to give a requested instruction, we conclude that the court committed no error for two reasons. First, the substance of the requested instruction was adequately covered by the court's charge and the jury could not have been misled into convicting on the basis of mere presence in the van. In addition, the instruction as requested implied that the presiding justice believed that there was no other evidence beyond the defendant's presence in the van. That implication, as we stated above, is incorrect.

## V.

Austin contends that the evidence against him is insufficient to support a conviction because it merely establishes his presence in a vehicle found to contain stolen goods. He equates the evidence in this case with that found to be insufficient in the case of *State v. Mosher*, 270 A.2d 451 (Me.1970). The circumstances of Austin's presence in the van during the earlier suspicious activities in Falmouth would warrant the conclusion that Austin did participate in the burglary and theft. Austin's characterization of Kolterman's identification as "confused and uncertain" is unpersuasive. Kolterman did use the expression "I think it's the gentleman right there" in identifying Austin at trial. Subsequent di-

rect and cross-examination, however, left adequate evidentiary support for a jury finding of participation that distinguishes this case from *Mosher*.

No other issue raised on appeal requires discussion and, more specifically, we reject out of hand the assertion that the prosecutor's conduct denied Austin a fair trial.

The entry is:

Judgment affirmed.

All concurring.