STATE of Maine

v.

Emil CARSETTI

Supreme Judicial Court of Maine.

Argued Nov. 19, 1987.
Decided Feb. 3, 1988.

Paul Aranson, Dist. Atty., Steven Juskewitch (orally), Asst. Dist. Atty., Portland, for the State.

Thomas J. Connolly (orally), Portland, for defendant.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

GLASSMAN, Justice.

Defendant Emil Carsetti appeals from a judgment entered by the Superior Court, Cumberland County, on a jury verdict finding him guilty of burglary, 17-A M.R.S.A. § 401(2)(B) (1983), and theft, 17-A M.R.S.A. § 353 (1983). On appeal Carsetti contends that 1) the court erroneously denied

his motion to suppress evidence, 2) the jury was improperly instructed and 3) the evidence was insufficient to establish the stolen property had a value in excess of $5,000. We affirm the judgment.

## I

■ Carsetti first contends that because the police officer had no reasonable articulable suspicion[1] of criminal activity, the court erroneously denied Carsetti's motion to suppress the evidence obtained from the stop of the van driven by Carsetti. We disagree.

To initiate an investigatory stop, a police officer must have "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); *State v. Cyr,* 501 A.2d 1303, 1305 (Me.1985). Whether the police had the required articulable suspicion for a particular vehicular stop is a question of fact to be determined by the trial court. We will only disturb the trial court's finding if the record presented to us on appeal establishes that the finding is clearly erroneous. *State v. Thurlow,* 485 A.2d 960, 963 (Me.1984).

Here, the record discloses that the van driven by Carsetti was stopped only after the police officer had observed that it had a partially obstructed license plate and an expired registration sticker in violation of 29 M.R.S.A. §§ 106 and 381 (1978 & Supp. 1987). The trial court properly determined that the officer clearly had the required articulable suspicion to stop the van driven by Carsetti, and properly denied Carsetti's motion to suppress the evidence seized as a result of that stop.

## II

■ Carsetti also claims that M.R. Evid. 303(c)[2] required the trial court to instruct the jury that the permissive statutory inference of guilt for burglary and theft, codified in 17–A M.R.S.A. § 361(2) (1983),[3] must convince them of the defendant's guilt beyond a reasonable doubt. Because this claim is presented for the first time on appeal, we review it only for obvious error affecting substantial rights. M.R.Crim.P. 30(b), 52(b); *State v. Atkinson,* 458 A.2d 1200, 1202 (Me.1983).

We addressed this precise issue in *State v. Austin,* 518 A.2d 1042, 1045 (Me.1986), and concluded that "subsection (c) [of M.R. Evid. 303] should be understood to mean that a permissible inference must convince the jury beyond a reasonable doubt when the state relies *solely* on the inference." (Emphasis in original). In *Austin,* the same jury instructions at issue here were held valid under Rule 303(c). Carsetti argues that unlike Austin, who had been identified as the passenger in the van both in the vicinity of the scene of the crime and at the investigatory stop of the van, Carsetti had only been identified as the driver of the van at the investigatory stop. Thus, he argues that here the State relied exclusively on the statutory inference arising from 17–A M.R.S.A. § 361, and, accordingly, the court should have instructed pursuant to Rule 303(c). We disagree.

1. The relevant facts of this case have been fully set forth in *State v. Austin,* 518 A.2d 1042 (Me. 1986), and need not be recounted.

2. M.R.Evid. 303(c) provides in pertinent part: The charge shall include an instruction to the effect that the jurors have a right to draw reasonable inferences from facts proved beyond a reasonable doubt and may convict the accused in reliance upon an inference of fact if they conclude that such inference is valid and if the inference convinces them of guilt beyond a reasonable doubt and not otherwise.

3. 17–A M.R.S.A. § 361(2) reads in full:
    2. Proof that the defendant was in exclusive possession of property that had recently been taken under circumstances constituting a violation of this chapter or of chapter 27 shall give rise to a presumption that the defendant is guilty of the theft or robbery of the property, as the case may be, and proof that the theft or robbery occurred under circumstances constituting a violation of section 401 also shall give rise to a presumption that the defendant in exclusive possession of property recently so taken is guilty of the burglary. In accord with M.R.Evid. 303 the trial court's instruction with reference to this section was in terms of a "permissible inference" rather than a "presumption."

The record discloses that the jury had before it other circumstantial evidence that could support a finding of Carsetti's guilt. Circumstantial evidence, no less than direct evidence, can convince a jury of guilt beyond a reasonable doubt. *State v. Hicks,* 495 A.2d 765, 769 (Me.1985); *State v. Ruprecht,* 458 A.2d 418, 419 (Me.1983). In addition to the undisputed evidence that Carsetti and Austin, when stopped, were in exclusive possession of the recently stolen rugs, the jury could properly consider the following evidence: 1) approximately one hour before the van was stopped Austin had been identified as a passenger in a van driven by a male; 2) at that time the van was in the neighborhood where the burglary and theft occurred; 3) the van stopped by the police was identified as the same van previously seen in the neighborhood where the burglary and theft occurred; 4) Carsetti was operating the van at the time of the stop; 5) Austin, who was the only other person in the van when it was stopped, was still in the passenger seat; and 6) after the police officer turned on the blue light of the marked police car, he had to pursue the van approximately two miles before it came to a stop. We hold that on this record the jury rationally could have found beyond a reasonable doubt that Carsetti had committed the offenses with which he was charged without relying solely on the permissive inference allowed by section 361. We conclude that the court's instructions to the jury were adequate to protect Carsetti's substantial rights. *State v. Austin,* 518 A.2d at 1045.

### III

Finally, Carsetti claims that the evidence was insufficient to support the jury's finding that the stolen property had a value in excess of $5,000, as required for a Class B offense under 17–A M.R.S.A. § 362(2)(A) (1983). He further contends that he was unfairly prejudiced by the rugs not being available in the courtroom for examination by the jurors. Both the owner of the rugs and an acknowledged expert in antique rugs testified that the fair market value was in excess of $5,000. *See State v. Thibeault,* 390 A.2d 1095, 1102 (Me.1978) (own-er's opinion competent to value stolen furniture); *State v. Atkinson,* 458 A.2d at 1204 (expert's opinion of value of stolen tractor, based on his experience with similar tractors, photos, and assumption that tractor was in good working condition was held not to be based on speculation). There is no general requirement that a jury or an expert testifying before a jury physically have the stolen item in the courtroom in order to place a value on it. *See* 17–A M.R.S.A. § 352(5) (1983). On the evidence before it the jury rationally could have found beyond a reasonable doubt that the value of the stolen rugs exceeded $5,000.

The entry is:

Judgment affirmed.

All concurring.