**STATE of Maine**

v.

**Timothy BROWN.**

Supreme Judicial Court of Maine.

Submitted on Brief March 20, 1996.

Decided April 26, 1996.

David W. Crook, District Attorney and James M. Cameron, Assistant District Attorney, Augusta, for the State.

Philip G. Mohlar, Alsop & Mohlar, Norridgewock, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA and LIPEZ, JJ.

DANA, Justice.

The State appeals from an order of the District Court (Augusta, *Gorman, J.*) suppressing evidence obtained from an investigatory stop of Timothy Brown's vehicle. The State contends that the court was compelled to find that the stop of Brown's vehicle was based on a reasonable and articulable suspicion. We agree and vacate the judgment.

The court accepted the testimony of Officer Jonathan Mazzaro of the Hallowell Police Department who testified at the suppression hearing as follows: At 1:15 a.m. in the early morning hours of July 8, 1995, he was on patrol driving north on Water Street in Hallowell. There was a lot of traffic at the time because people were getting out of the bars in Augusta, Hallowell, and Gardiner. When approaching the corner of Water Street and Winthrop Street he observed a vehicle traveling south on Water Street make a right turn

onto Winthrop Street heading westbound. He pulled behind the vehicle as it made the turn. After the vehicle had finished the turn both tires on the left side of the vehicle abruptly crossed over the yellow center line. It travelled in this manner for approximately the distance of one car length and then jerked to the right, striking the fog line of the road with the right front tire. The vehicle then steered back into the center of the lane. The vehicle's speed as it went up the hill varied, twice traveling as much as 15 mph below the 25 mph speed limit before speeding up.

Officer Mazzaro suspected that the driver of the vehicle was intoxicated and stopped Brown's vehicle. Brown subsequently was arrested for operating under the influence of intoxicating liquor. 29–A M.R.S.A. § 2411 (Pamph.1995). Brown filed a motion to suppress the evidence obtained as a result of the stop. Following a hearing the court granted the motion and pursuant to 15 M.R.S.A. § 2115–A (1980 & Supp.1995) the State appeals.

■ We review for clear error a trial court's finding whether a stop was justified by an objectively reasonable and articulable suspicion. *State v. Nelson*, 638 A.2d 720, 722 (Me.1994). A ruling on a motion to suppress based on undisputed facts, however, involves a legal conclusion that we independently review. *State v. Dube*, 655 A.2d 338, 340 (Me. 1995). In the instant case the State does not dispute the court's findings of fact. Rather, it challenges the propriety of the court's application of the law to the undisputed facts. *State v. Cusack*, 649 A.2d 16, 18 (Me.1994). Because the State bears the burden of proof before the District Court on the motion to suppress, it must demonstrate on appeal that the court was compelled to find that the stop of Brown's vehicle was based on a reasonable and articulable suspicion. *State v. Powell*, 591 A.2d 1306, 1308 (Me.1991).

■ An investigatory stop is justified "if the officer, at the time of the stop, has 'an articulable suspicion that criminal conduct has taken place, is occurring, or imminently will occur, and the officer's assessment of the existence of specific and articulable facts sufficient to warrant the stop is objectively rea-

sonable in the totality of the circumstances.' " *Cusack*, 649 A.2d at 18 (citations omitted). This standard "requires less than probable cause that a crime was being committed, but more than speculation or an unsubstantiated hunch." *State v. Caron*, 534 A.2d 978, 979 (Me.1987)

■ The court in the instant case incorrectly relied on our decision in *State v. Caron*, 534 A.2d 978 (Me.1987). In *Caron* we held that "straddling of the center line of an undivided highway is a common occurrence and, in the absence of oncoming or passing traffic, *without erratic operation* or other unusual circumstances, does not justify an intrusive stop by a police officer." *Caron*, 534 A.2d at 979 (emphasis added). The operation of Brown's vehicle in the instant case is not such a common occurrence and constitutes erratic operation. Indeed, the facts of this case rise to the level of erratic driving found in several of our recent cases that justified an investigatory stop. *See Cusack*, 649 A.2d at 17–19 (investigatory stop justified based on early morning hour, the vehicle's traveling below the speed limit, and repeated drifting); *State v. Burnham*, 610 A.2d 733, 734–35 (Me.1992) (stop warranted on the basis of the lateness of the hour, the vehicle's traveling below the speed limit, and unexplained weaving); *State v. Carnevale*, 598 A.2d 746, 747–48 (Me.1991) (officer warranted in making the stop based on vehicle's weaving while fluctuating its speed).

Based on the circumstances of the instant case, including the early morning hour, crossing the center line, striking the fog line, and the vehicle's speed, the court was compelled to find that Officer Mazzaro's suspicion that Brown was operating while under the influence was reasonable and articulable and that the stop of Brown's vehicle was justified.

The entry is:

Judgment vacated.

All concurring.