**STATE of Maine**

v.

**Todd H. BUXTON.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 22, 1996.

Decided Dec. 13, 1996.

Geoffrey Rushlau, District Attorney, Leane Zainea, Assistant District Attorney, Belfast, for the State.

John Scott Webb, Boulos & Gardner, Saco, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

Todd Buxton appeals from judgments of conviction for operating under the influence of alcohol, 29 M.R.S.A. § 1312–B (Supp.1994) (Class D) and operating beyond restriction, 29 M.R.S.A. § 534 (Supp.1994) (Class E), entered in the Superior Court (Waldo County, *Atwood, J.*) after conditional pleas of guilty. On appeal, Buxton challenges the denial of his motion in the District Court (Belfast, *Staples, J.*) to suppress evidence. Buxton contends that the vehicle stop in this case was unconstitutional because the officer did not have a reasonable and articulable suspicion at the point when the seizure occurred. Because we conclude that articulable suspicion existed regardless of when the seizure occurred, we affirm.

In November 1993, Waldo County Deputy Sergeant Greg Stearns was on patrol in Monroe and Brooks with Detective Scott Storey. Deputy Stearns was traveling on Route 139, which he described as a typical, paved, rural road of average width with a yellow center line, gravel shoulders, and no shoulder lines. Deputy Stearns testified that no minimum speed limit existed but that stretch of Route 139 contained a 45 m.p.h. maximum speed limit.

At about 10:30 p.m., Deputy Stearns observed a large truck-type vehicle moving very slowly in the opposite direction with its passenger side wheels off the shoulder on the gravel. Deputy Stearns observed the truck travel in this manner for about one hundred and fifty feet. After passing the vehicle, Deputy Stearns turned around to stop the truck. As he did so, Buxton drove his vehicle into a driveway that the deputy had just

passed. Deputy Stearns entered the driveway and parked behind Buxton's truck.

Deputy Stearns immediately got out of his car and approached the truck as Buxton simultaneously got out of his vehicle. Deputy Stearns said "Good evening sir. Do you live here?" Buxton responded affirmatively. Because Officer Stearns observed that Buxton appeared disheveled, smelled of alcohol, and was leaning against the inside of the door of his truck, he asked Buxton for his license and registration. Buxton later was arrested for operating under the influence of alcohol.

Buxton subsequently was charged with operating a motor vehicle while under the influence of alcohol, 29 M.R.S.A. § 1312–B (Supp. 1994) (Class D), and operating beyond restriction. 29 M.R.S.A. § 534 (Supp.1994) (Class E). Buxton filed a motion to suppress alleging that the evidence was derived from an illegal stop. In March 1994, the District Court denied the motion, concluding that Deputy Stearns did not seize Buxton until the officer requested Buxton's license and registration. Although the court found that Deputy Stearns had no articulable suspicion before that point, the court concluded on the basis of Buxton's appearance and the odor of alcohol that the officer had a reasonable and articulable suspicion when he asked for Buxton's license. Buxton entered a conditional guilty plea to both charges pursuant to M.R.Crim.P. 11(a)(2), and this appeal followed.

Buxton contends that the court erred in concluding that the stop in this case occurred when Deputy Stearns asked Buxton for his license and registration. Buxton argues that the stop occurred either when the officer asked him if he lived at the residence or at some earlier time. Even if Buxton's contention is correct, however, the stop nevertheless was constitutional because the officer had a reasonable and articulable suspicion to stop Buxton.

 "An investigatory stop is justified if at the time of the stop the officer has 'an articulable suspicion that criminal conduct has taken place, is occurring, or imminently will occur, and the officer's assessment of the existence of specific and articulable facts sufficient to warrant the stop is objectively reasonable in the totality of the circumstances.' " *State v. Nelson,* 638 A.2d 720, 722 (Me.1994) (citations omitted); *see Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). When the facts are undisputed, we review the legal conclusion independently as a matter of law. *See State v. Brown,* 675 A.2d 504, 505 (Me.1996) (citing *State v. Dube,* 655 A.2d 338, 340 (Me.1995)).

 We conclude that the officer had an articulable suspicion to pull into the driveway, park behind Buxton's vehicle, and approach him.[1] The articulable suspicion standard " 'requires less than probable cause that a crime was being committed, but more than speculation or an unsubstantiated hunch.' " *State v. Brown,* 675 A.2d at 505 (quoting *State v. Caron,* 534 A.2d 978, 979 (Me.1987)). Buxton's abnormal driving gave the officer more than an unsubstantiated hunch in this case that Buxton might be intoxicated. At 10:30 p.m., Buxton was traveling substantially below the maximum speed limit, and both of his passenger side tires were on the gravel for approximately one hundred and fifty feet. In similar cases, we have found that an articulable suspicion existed. *See, e.g., State v. Brown,* 675 A.2d 504 (Me.1996) (early morning hour, crossing center line, striking fog line, and fluctuating speed); *State v. Cusack,* 649 A.2d 16 (Me.1994) (slow speed, repeated drifting, and early morning hour). Because the officer had an articulable suspicion after observing Buxton's driving, the court correctly denied the motion to suppress evidence in this case.

The entry is: Judgments affirmed.

All concurring.

---

1. Because we find that Deputy Stearns had an articulable suspicion for the *Terry* stop based on Buxton's driving, we do not address the exact point at which the seizure occurred.