STATE OF MAINE

KENNEBEC, ss.

RECEIVED AND FILED
KENNEBEC SUPERIOR COURT

2004 SEP 27 A 9: 04

NANCY DESJARDIN
CLERK OF COURTS

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CR-03-486,
DH M -KEN -9/24/2004

STATE OF MAINE

v.

AIDAN T. QUINN,

Defendant

**ORDER ON MOTION
TO SUPPRESS**

DONALD L. GARBRECHT
LAW LIBRARY

NOV 5 2004

This matter is before the court on defendant's motion to suppress any and all evidence obtained by the State of Maine as a result of a stop and detention of the defendant by a member of the Waterville Police Department on October 25, 2003.

During the evening of October 24th and the early morning hours of October 25th, 2003, a Waterville Police officer in a marked cruiser was on duty in the downtown area of Waterville. At approximately 2:00 a.m., he was in his vehicle parked in the parking lot of the Webber Insurance Agency on Spring Street near the intersection of Spring Street and Silver Street and an entrance to the Concourse. From that vantage point, he could observe the entire Concourse, including an internal intersection of travel lanes near the Concourse entrance from Main Street which is a four-way stop, i.e., a stop sign in all four directions. He observed a Chevrolet Impala proceed from the Main Street entrance through the four-way intersection without stopping. The vehicle traveled toward the officer through the Concourse towards the intersection of Silver Street and Spring Street and stopped for the traffic light. When the light changed, the Chevrolet, later determined to be the vehicle the defendant was operating, proceeded at a high rate through the intersection onto Silver Street. The officer proceeded behind the defendant's vehicle at a distance of approximately three car lengths for a third to a half a mile observing the defendant traveling at the rate of 40 M.P.H. in the posted 25

M.P.H. zone of Silver Street. The officer also observed the defendant "weaving" from time-to-time by drifting within the fog line and the centerline. At times the left tires were on top of the centerline.

Nearing the end of Silver Street, the officer observed the defendant slowing to 30 M.P.H., enter onto Kennedy Memorial Drive where it changes to four lanes and continue in the right travel lane. While on Kennedy Memorial Drive, the defendant's vehicle started to drift to the left over the white dotted line, the defendant put on his left turn signal and went into the left lane. As the vehicle approached the traffic lights at Shaw's Plaza, the officer saw the traffic light change to yellow and observed the defendant brake the vehicle, then jolt forward through the light. The officer followed the defendant for about a quarter of a mile where the defendant was traveling 50 M.P.H. in the posted 35 M.P.H. zone.

At the location of the Burger King near the entrance to Interstate 95, the officer activated his blue lights and strobe lights and observed the defendant put on his right turn signal and drift to the right lane. However, the defendant did not stop but, instead, continued on slowly. At that point, the officer gave a "short burst" of his siren while traveling through the Interstate 95 overpass and he notified his dispatch of the pursuit. Some distance later, in front of Charlie's Ford dealership, the defendant's vehicle stopped.

The officer testified that his total observation of the defendant was approximately 2.7 miles. He further testified that he had a full and unobstructed view of the Concourse and, in particular, the four-way stop intersection.

Defendant challenges the credibility of the officer's testimony. He argues that because the officer testified as to multiple instances of violations causing an articulable suspicion that the operator was impaired, he acted on none of them until the vehicle

had traveled a substantial distance. The defendant would ask the court to find that the obvious inference from those facts are that the operation of the vehicle was so marginally incorrect in each of the instances that they would not constitute an articulable suspicion and the officer had no legal and constitutional grounds for causing the stop and detention.

Defendant further espouses a rather novel challenge to the credibility of the officer by suggesting improper bias and motivation. At the date and time in question, it was well known that a movie for television was being filmed in the Waterville/Skowhegan area by HBO. It was also well known that the participants in the movie frequented a location known as the Bread Box Café. The Bread Box Café is located such that it is adjacent to the Concourse and directly opposite across the Concourse from the officer's location on Spring Street. A further inference is that the officer was observing the Bread Box Café and the vehicles leaving that establishment knowing that persons of some renown would be leaving and driving after an evening of socializing. The requested inference goes even further to suggest that the officer did not stop the vehicle because any of the complained of acts were sufficient in and of themselves, but because he suspected a "famous" person was driving and that he wanted to beef up his articulable suspicion.

To support these inferences, the defendant submits a videotape from the squad room of the Waterville Police Department where the intoxilyzer was administered to the defendant. There are assertions that the officer told another Waterville Police officer that he stopped the defendant for driving 25 M.P.H. in a 40 M.P.H. zone, contrary to his testimony. The defendant further argues that the videotape shows that officers of the Waterville Police Department were ridiculing the defendant in his absence, laughing at

the arrest and otherwise acting unprofessionally such as to affect their credibility as witnesses in the entire transaction.

In order to support the brief investigatory stop of a motor vehicle, such as the stop in this case, a police officer must have an articulable suspicion that criminal conduct or a civil violation has occurred, is occurring, or is about to occur, and the officer's suspicion must be "objectively reasonable in the totality of the circumstances." *State v. Cusack*, 649 A.2d 16 (Me. 1994). This court must decide whether the officer possessed a reasonable and articulable suspicion to support an investigatory stop of an automobile. *State v. Brown*, 675 A.2d 504 (Me. 1996). In order to disregard the specific uncontradicted observations of the officer that the defendant did not stop for a stop sign, exceeded the speed limit, in the early morning hours, weaving in his travel lane, the court would have to be satisfied that the events did not happen and the officer was participating in a "set up." While it does appear to be an exceedingly long distance for time of observations and somewhat contrary to the officer's responsibility to interfere with a dangerous condition on the highway, and while it appears the conduct of the officers as recorded on the videotape could be considered something less than professional, the court finds no basis to conclude that the events observed by the officers did not happen. Instead, the conduct by the officer must be considered in light of the weight to be given by a factfinder of his testimony as to any relationship with impaired driving.

The articulable suspicion standard is extremely low. Interpreting suspicious conduct in the operation of a vehicle is vital to the safety of other motorists on the highway. The court finds no constitutional infirmity under the facts of this motion.

The entry will be:

Defendant's motion to suppress is DENIED.

Dated: September __24__, 2004

Donald H. Marden
Justice, Superior Court

STATE ·OF MAINE
· vs
AIDAN T QUINN
351 HILLCREST ROAD
ENGLEWOOD NJ 07631

DOB: 03/08/1959
Attorney: M MURPHY
         JABAR BATTEN RINGER & MURPHY
         ONE CENTER STREET
         WATERVILLE ME 04901-5495

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-2003-00486

**DOCKET RECORD**

State's Attorney: TRACY DEVOLL

Filing Document: CRIMINAL COMPLAINT
Filing Date: 10/27/2003

Major Case Type: MISDEMEANOR (CLASS D,E)

## Charge(s)

1   OPERATING UNDER THE INFLUENCE          10/25/2003 WATERVILLE
Seq 1197   29-A   2411(1)              Class D
    PELLETIER            / WAT

## Docket Events:

12/02/2003 Charge(s): 1
         TRANSFER -   TRANSFER FOR JURY TRIAL EDI ON 12/02/2003 @ 22:01

         FILING DOCUMENT -   CRIMINAL COMPLAINT FILED ON 10/27/2003

         MOTION -   MOTION TO SUPPRESS FILED BY DEFENDANT ON 12/02/2003

12/05/2003 Charge(s): 1
         TRANSFER -   TRANSFER FOR JURY TRIAL RECVD BY COURT ON 12/04/2003

         WATDC-CR-2003-02161
12/05/2003 BAIL BOND - $350.00 CASH BAIL BOND FILED ON 12/04/2003

         Bail Receipt Type: CR
         Bail Amt:  $350
                              Receipt Type: CK
         Date Bailed: 10/25/2003    Prvdr Name: AIDAN T QUINN
                              Rtrn Name: AIDAN T QUINN
         CHECK NO. 9985

         ## Conditions of Bail:
12/08/2003 HEARING -   MOTION TO SUPPRESS SCHEDULED FOR 01/05/2004 @ 9:00
         DONALD H MARDEN , JUSTICE
         NOTICE  TO PARTIES/COUNSEL
12/31/2003 MOTION -   MOTION FOR EXTENSION OF TIME FILED BY DEFENDANT ON 12/31/2003

         TO FILE ADDITIONAL MOTIONS.
12/31/2003 MOTION -   MOTION TO CONTINUE FILED BY DEFENDANT ON 12/31/2003

01/05/2004 MOTION -   MOTION TO CONTINUE GRANTED ON 01/02/2004
         DONALD H MARDEN , JUSTICE

COPY TO PARTIES/COUNSEL
01/05/2004 MOTION - MOTION FOR EXTENSION OF TIME GRANTED ON 01/02/2004
DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL          FILE ADDITIONAL MOTIONS BY JANUARY 6, 2004
01/05/2004 HEARING - MOTION TO SUPPRESS CONTINUED ON 01/02/2004

03/17/2004 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 04/20/2004 @ 9:00
S KIRK STUDSTRUP , JUSTICE
NOTICE TO PARTIES/COUNSEL
04/22/2004 HEARING - MOTION TO SUPPRESS CONTINUED ON 04/20/2004

04/22/2004 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 06/29/2004 @ 9:00

NOTICE TO PARTIES/COUNSEL
06/30/2004 HEARING - MOTION TO SUPPRESS HELD ON 06/29/2004
DONALD H MARDEN , JUSTICE
Attorney: M MURPHY
DA: BRAD GRANT          Reporter: KIMBERLY MCCULLOCH
Defendant Present in Court

STATE WITNESSES: STEVE PELLETIER
06/30/2004 CASE STATUS - DECISION UNDER ADVISEMENT ON 06/29/2004
DONALD H MARDEN , JUSTICE
WRITTEN ORAL ARGUMENTS TO BE FILED; DEFENSE BY 7/9/04 AND STATE BY 7/19/04
07/22/2004 LETTER - FROM PARTY FILED ON 07/22/2004

LETTER FROM MICHAELA MURPHY ESQ. IN REGARDS TO TRANSCRIPT BEING PREPARED. WILL FILE HER
WRITTEN ARGUMENT BY JULY 23RD.
07/26/2004 OTHER FILING - OTHER DOCUMENT FILED ON 07/26/2004

CLOSING ARGUMENT BY DEFENSE COUNSEL FILED
07/27/2004 OTHER FILING - MEMORANDUM OF LAW FILED ON 07/27/2004

DA: BRAD GRANT
08/03/2004 OTHER FILING - OTHER DOCUMENT FILED ON 08/03/2004

DEFENDANT'S REBUTTAL TO STATE'S WRITTEN ARGUMENT. GAVE TO JUSTICE MARDEN.
09/27/2004 MOTION - MOTION TO SUPPRESS DENIED ON 09/27/2004
DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL
09/27/2004 ORDER - COURT ORDER FILED ON 09/27/2004

ORDER ON MOTION TO SUPPRESS


**Exhibits**
06/29/2004  DEFENDANT, Exhibit#1, PHOTO, Adm w/o obj on 06/29/2004.
06/29/2004  DEFENDANT, Exhibit#2, PHOTO, Adm w/o obj on 06/29/2004.
06/29/2004  DEFENDANT, Exhibit#3, PHOTO, Adm w/o obj on 06/29/2004.
06/29/2004  DEFENDANT, Exhibit#4, VIDEOTAPE OF BOOKING  3:07:15    TO    3:12:16, Adm w/o obj
                on 06/29/2004.
06/29/2004  DEFENDANT, Exhibit#5, ENHANCED RECORDING OF ABOVE VIDEO, Adm w/o obj on 06/29/2004.

A TRUE COPY
ATTEST:
_____
Clerk