STATE OF MAINE                          UNIFIED CRIMINAL DOCKET
KENNEBEC, ss.                           AUGUSTA
                                        DOCKET NO. CD-CR-18-0444


STATE OF MAINE


v.                                      ORDER ON DEFENDANT'S
                                        MOTION TO SUPPRESS


AARON DOE,
        Defendant


      This matter came forward on the Defendant's Motion to Suppress on July 2, 2018. After hearing, the Court makes the following Findings of Fact and Conclusions of Law upon which the **ORDER** set out below is based:

## I. Findings of Fact:

1. Defense counsel informed the undersigned at the start of the hearing that only the issue of probable cause to stop the vehicle was being challenged, and so the other issues raised in the Defendant's motion are not addressed below.

2. On Thursday, March 15, 2018 at approximately 10:25 p.m. Trooper Hunter Belanger (hereinafter "Trooper") was on patrol in a marked cruiser on Route 32 in China, Maine. The Trooper observed a vehicle entering Route 32 ahead of the Trooper that proceeded to pass the Trooper. The Trooper believed the vehicle had not stopped completely at the stop sign before entering Route 32 and appeared to take a "wide turn" momentarily coming into the Trooper's lane.

3. The Trooper's radar unit detected the vehicle proceeding at 53 mph in a posted 40 mph zone.[1]

4. A gentleman, Samuel Miller, was a "ride-along" with the Trooper. Mr. Miller described the Defendant's vehicle as "flying through" the stop sign and that the vehicle then proceeded "slightly over the speed limit." Miller also testified that Defendant appeared to have trouble maintaining his vehicle within the confines of the Defendant's lane of travel.

---

[1] The Trooper also testified that he visually estimated the vehicle, which turned out to be Defendant's van, proceeding at 55 mph.

5. The Trooper activated his blue lights and attempted to stop the vehicle. The vehicle took 30 seconds to stop. The Trooper testified that he had no idea who the operator of the vehicle was before stopping the vehicle.

## II. Conclusions of Law:

5. Defendant asserts that stopping Defendant's vehicle "was made without reasonable suspicion of criminal activity and was in violation of Defendant's Constitutional rights pursuant to the Fourth, Fifth, and Sixth Amendments to the United States Constitution as well as the relevant provisions of the Maine Constitution."

6. In order to support a brief investigatory stop of a motor vehicle, such as the stop in this case, the Trooper had to have an objectively reasonable, articulable suspicion that either criminal conduct, a civil violation, or a threat to public safety has occurred, is occurring, or is about to occur. Moreover, the suspicion that any of these circumstances exist must be objectively reasonable in the totality of the circumstances. *State v. Sylvain*, 2003 ME 5, ¶ 11; *State v. Turner*, 2017 ME 185, ¶ 8. At a hearing on a motion to suppress evidence obtained in the course of a traffic stop, the State bears the burden of demonstrating that the officer's actions were objectively reasonable under the circumstances. *State v. Brown*, 675 A.2d 504, 505 (Me. 1996). A "reasonable suspicion" is not the same as proof by a preponderance of the evidence or even probable cause to believe that impairment exists. An investigatory stop is valid when it is "supported by specific and articulable facts which, taken as a whole and together with the rational inferences from those facts, reasonably warrant the police intrusion." *State v. Hill*, 606 A.2d 793, 795 (Me. 1992) (citations omitted). Suspicion of a civil violation provides adequate specific and articulable facts. *State v. Carsetti*, 536 A.2d 1121, 1122 (Me. 1988), habeas corpus denied, 932 F.2d 1007 (1st Cir. 1991) (partially obstructed plate and expired registration sticker).

7. In this case the officers had reason to believe that the defendant was committing a traffic violation by failing to stop at a stop sign, as well as speeding. Thus, the Court finds there was no problem with the officers stopping the defendant, *see State v. Bolduc*, 1998 ME 255; *State v. Taylor*, 1997 ME 81.

8. Defense counsel, apparently for the first time at least with respect to bringing the issue before the Court, raised an argument that the State had violated Defendant's rights under *Giglio v. United States*, 450 U.S. 150 (1972). The Court finds no such violation.

9. Accordingly, for the reasons stated above, the Motion to Suppress is **denied**.

Date: 7/26/18

BY _____
Robert E. Mullen, Deputy Chief Justice
Maine Superior Court

**Entered on the docket** 7/26/18

2