**STATE of Maine**

v.

**Steven MUDIE.**

Supreme Judicial Court of Maine.
Argued March 10, 1986.
Decided April 17, 1986.

---

David W. Crook, Dist. Atty. John Alsop, Asst. Dist. Atty., Skowhegan, Charles K. Leadbetter (orally), Asst. Atty. Gen., Augusta, for plaintiff.

Robert M. Washburn (orally), Skowhegan, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN and GLASSMAN, JJ.

ROBERTS, Justice.

Steven Mudie appeals from a judgment of the Superior Court, Somerset County, challenging the severity of the sentence and the denial of his post-judgment motion filed pursuant to M.R.Crim.P. 35. Because Mudie failed to demonstrate that his sentence was illegal or was imposed in an illegal manner, we affirm the judgment of the Superior Court.

## I.

On July 25, 1985 Mudie pleaded guilty in the Superior Court to operating under the influence (OUI) in violation of 29 M.R.S.A. § 1312–B (Supp.1985). Mudie was subsequently sentenced by the court as follows: (1) eleven months, of incarceration, (2) a fine of $500 and (3) license suspension for one year.[1]

Although Mudie had never before been convicted of OUI, the Superior Court imposed nearly the maximum sentence in light of the fact that Mudie had been convicted of manslaughter in 1981 for killing his girlfriend in an auto accident. The manslaughter case involved driving at an excessive rate of speed and, although Mudie was not charged with OUI, his blood alcohol level registered at .07 shortly after the incident. As a result of this history, the trial justice imposed an 11-month sentence in an effort to deter Mudie from future violations.

Following the entry of judgment, Mudie, *inter alia*, challenged the sentence by motion pursuant to M.R.Crim.P. 35. After a full hearing, the trial justice denied any relief. On his further appeal to this Court, Mudie argues that his sentence was illegal in at least two different respects. First, Mudie contends that the trial justice violated 17–A M.R.S.A. § 1151, the general sentencing statute, by emphasizing punishment in the sentence as opposed to other factors such as rehabilitation. Second, Mudie urges that the 11-month sentence was

---

1. The one year license suspension was eventually reduced to 90 days on motion by the State in order to comply with 29 M.R.S.A. § 1312–B(2) which provides for a maximum 90-day suspension on conviction for a first offense.

cruel and unusual punishment in violation of the eighth amendment of the United States Constitution and disproportionate punishment in violation of article I, section 9 of the Maine Constitution. We disagree with the first contention, but we do not address the second.

## II.

 The OUI statute in existence at the time Mudie was convicted, 29 M.R.S.A. § 1312-B (Supp.1985), permitted a maximum sentence of one year of incarceration for first offenders. The 11-month sentence imposed by the Superior Court, therefore, was within the scope of its discretion provided by statute. Our review of the record, moreover, discloses no illegal procedure in Mudie's sentencing.

Although 17-A M.R.S.A. § 1151 provides a list of general purposes to be served by the sentencing process, the selection for appropriate emphasis among these disparate purposes rests in the discretion of the court. The sentencing justice likewise is accorded broad discretion in the sources and types of information that may be relied upon in determining the kind and extent of punishment to be imposed. *See State v. Dumont,* 507 A.2d 164 (Me.1986). In this case the trial justice was highly concerned with deterring Mudie individually and protecting the public from his improper driving behavior. Taking into consideration his previous manslaughter conviction, the judge concluded that only a relatively long jail sentence would deter Mudie's illegal driving conduct in view of the fact that the death of his girlfriend had not. Although the sentence imposed may have been significantly greater than that generally given to first-time OUI offenders, the circumstances of the case provided sufficient reason for imposing nearly the maximum permissible incarceration allowed by statute.

We do not address Mudie's contention that his sentence was cruel and unusual punishment or a disproportionate sentence in violation of the United States and Maine Constitutions. We decline to reach these issues because they are raised for the first time on appeal. *See State v. Ellis,* 502 A.2d 1037, 1038 (Me.1985).

The entry is:

Judgment affirmed.

All concurring.