Emil **CARSETTI**, Petitioner, Appellant,

v.

**STATE OF MAINE,**
**Respondent, Appellee.**

No. 90–2032.

United States Court of Appeals,
First Circuit.

Heard March 6, 1991.

Decided May 14, 1991.

Peter W. Evans, Portland, Me., for petitioner, appellant.

Donald W. Macomber, Asst. Atty. Gen., Hallowell, Me., with whom Michael E. Carpenter, Atty. Gen., and Charles K. Leadbetter, Asst. Atty. Gen. for the State of Me., Augusta, Me., were on brief for appellee.

Before CAMPBELL, Circuit Judge, and COFFIN and BOWNES, Senior Circuit Judges.

BOWNES, Senior Circuit Judge.

Petitioner-appellant Emil Carsetti was convicted of Class B burglary and Class B theft and sentenced to ten years imprisonment. On direct appeal to the Maine Supreme Judicial Court, his convictions were affirmed. *State v. Carsetti*, 536 A.2d 1121 (Me.1988). His separate appeal of sentence to the Appellate Division of the Supreme Judicial Court was denied. Petitioner then initiated a post-conviction review proceeding in superior court pursuant to Me.Rev. Stat.Ann. tit. 15, §§ 2121–2132, alleging ineffective assistance of counsel at his sentencing. Specifically, he claimed that his lawyer had failed to apprise the court of inaccuracies in his prior criminal record. After an evidentiary hearing and the submission of briefs, the superior court justice filed his decision denying the petition. Although he found that Carsetti's counsel had incompetently prepared for the sentencing hearing by failing to familiarize himself with the details of petitioner's criminal history, nonetheless, the superior court justice found that petitioner was not prejudiced as a result and therefore failed to satisfy the two-pronged test for ineffective assistance established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Petitioner thereafter sought review by filing a notice of appeal in the Maine Supreme Judicial Court pursuant to Me.Rev. Stat.Ann. tit. 15, § 2131, requesting a certificate of probable cause to proceed with the appeal. In his supporting memorandum he challenged his sentence on two grounds. In addition to the claim of ineffective assistance of counsel, petitioner claimed that the inclusion of the erroneous information in his presentence report violated due process. The Chief Justice of the Supreme Judicial Court, acting for the court, issued a three-paragraph order denying the certificate.

Petitioner then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the federal district court of Maine, asserting the same two grounds for relief. After reviewing the record and the submissions of counsel, the district court issued an order dismissing the petition and denying the writ. The court stated that it found no merit in the ineffectiveness claim and that petitioner had procedurally defaulted on the due process claim by failing to present it in his state post-conviction proceeding in superior court. Applying *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977), the court found petitioner had failed to show cause for the default and prejudice therefrom. A certificate of probable cause was granted by the district court, and this appeal followed.

## PROCEDURAL DEFAULT

*Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, teaches that a procedural default in a state court acts as an adequate and independent state ground for the state court decision and immunizes that decision from habeas review in federal court. *Id.* at 81, 97 S.Ct. at 2503. To obtain federal habeas review notwithstanding the default, the petitioner must show cause for and prejudice from the default. *Id.* at 87, 97 S.Ct. at 2506. This, the district court found, petitioner did not do.

Although petitioner did not raise the due process claim in his petition for post-conviction review, he did include it in his application to the Maine Supreme Court for a certificate of probable cause to appeal the decision of the superior court denying his ineffective assistance claim. Under the United States Supreme Court's recent decision in *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), a procedural default in state court does not bar federal habeas consideration of the claim "unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Id.* 109 S.Ct. at 1043 (citation omitted). *See also Allen v. Commonwealth*, 926 F.2d 74, 78 (1st Cir.1991) (applying *Harris*). The first questions we must address, therefore, are whether peti-

tioner procedurally defaulted his due process claim and whether the Maine Supreme Court clearly and expressly rested its judgment on the default.

■ Maine's procedure for post-conviction review requires that all grounds for review be set forth in the petition, or amended petition, filed in superior court. *See* Me.Rev.Stat.Ann. tit. 15 § 2128.3 ("All grounds for relief ... shall be raised in a single post-conviction review action...."); Me.R.Crim.P. 67(e) (petition and amended petition "shall briefly state each reason for relief...."). The Supreme Court in analogous cases has generally refused to reach issues raised for the first time on appeal. *See, e.g., State v. Mudie,* 508 A.2d 119, 121 (Me.1986) (on appeal from post-trial motion challenging sentence, ground not raised below not considered); *Lumsden v. State,* 267 A.2d 649, 653 (Me.1970) (on appeal of state habeas corpus, issue not presented to single habeas justice will not be entertained for first time on appeal). *But cf. Poitraw v. State,* 322 A.2d 594, 596–97 (Me.1974) (applying exception, on state habeas appeal, to consider issue necessary to serve ends of substantial justice or prevent denial of fundamental rights). We conclude that the Maine Supreme Court could have found that petitioner defaulted his due process claim by not raising it in the lower state court.

■ While the Maine Supreme Court could have found the claim defaulted, the question, post *Harris,* is whether it did so, "clearly and expressly." [1] We think that it did not. Its order denying the certificate of probable cause states in its entirety:

WHEREAS, pursuant to 15 M.R.S.A. § 2131, the petitioner has filed a notice of appeal from the judgment entered by the Superior Court in the above-entitled post-conviction review proceeding, which notice by law constitutes a request for a certificate of probable cause; and

WHEREAS, upon consideration of the complete record of the proceedings in the

Superior Court and any memorandum filed by the petitioner in support of his request for a certificate of probable cause, it is apparent that the appeal does not raise any issue worthy of being fully heard;

NOW, THEREFORE, it is ORDERED that a certificate of probable cause to proceed with the appeal be and is hereby denied. It is FURTHER ORDERED that a copy of this order, together with the complete record of the proceedings in the Superior Court now on file in this Court, be returned to the clerk of the Superior Court.

It is evident that the Maine Supreme Court denied the certificate of probable cause on the ground that the appeal did not "raise any issue worthy of being fully heard." Absent a clear and express statement from the Maine court that its decision with respect to the due process claim rested on petitioner's failure to raise it below, we hold that there is no state procedural bar to federal habeas review of the claim.

■ It is not enough, however, to find that petitioner's due process claim is not procedurally barred on grounds that he defaulted in state court. As the Court noted in *Engle v. Isaac,* 456 U.S. 107, 125–26 n. 28, 102 S.Ct. 1558, 1570–71 n. 28, 71 L.Ed.2d 783 (1982):

[T]he problem of waiver is separate from the question whether a state prisoner has exhausted state remedies. Section 2254(b) requires habeas applicants to exhaust those remedies "available in the courts of the State." This requirement, however, refers only to remedies still available at the time of the federal petition.

Further relief in the state courts, the Court acknowledged, was unavailable to the habeas petitioners in *Isaac* because of their procedural default; they had therefore "exhausted their state remedies...." *Id.* "[A] federal habeas court need not require that a federal claim be presented to a state

---

**1.** We anticipated this requirement when we held that a procedural default in state trial court prevents habeas review if the state has a rule requiring contemporaneous objections and "the state enforces and does not waive the rule." *McCown v. Callahan,* 726 F.2d 1, 3 (1st Cir.), *cert. denied,* 469 U.S. 839, 105 S.Ct. 139, 83 L.Ed.2d 78 (1984).

court if it is clear that the state court would hold the claim procedurally barred." *Harris v. Reed,* 109 S.Ct. at 1043 n. 9 (citing *Castille v. Peoples,* 489 U.S. 346, 350–52, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989); *Teague v. Lane,* 489 U.S. 288, 295–99, 109 S.Ct. 1060, 1067–68, 103 L.Ed.2d 334 (1989) (plurality opinion)). We must therefore determine whether the Maine court would now hold the due process claim procedurally barred.

Maine's procedure for post-conviction review of criminal judgments and sentences challenged as unlawful is set forth at Me. Rev.Stat.Ann. tit. 15, §§ 2121–2132. Section 2128, "Waiver of grounds for relief," requires petitioners to show that relief is not unavailable due to waiver as provided in the subsections therein. Subsection 3, "Waiver of grounds not raised," provides:

All grounds for relief from a criminal judgment or from a post-sentencing proceeding shall be raised in a single post-conviction review action and any grounds not so raised are waived unless the State or Federal Constitution otherwise require or unless the court determines that the ground could not reasonably have been raised in an earlier action.

This provision has been interpreted by Maine's highest court to mean that absent evidence of "extenuating circumstance[s]," issues that could have been decided on a prior petition for post-conviction relief "are barred from subsequent consideration" in a later petition. *McEachern v. State,* 456 A.2d 886, 889 (Me.1983).

Petitioner has not shown that he could not have raised the due process challenge in his original petition. Instead, he claims that the issue was in fact raised below, pointing to language in his memorandum referring to the effect on the sentence of misleading information. We disagree. Petitioner's memorandum of law in support of his post-conviction review petition states that he filed his petition "alleging that he received constitutionally inadequate representation at and in preparation for the sentencing hearing." The memorandum goes on to marshal the facts supporting ineffectiveness and argues that "but for counsel's errors" petitioner would have received a different sentence. There is no mention of due process.

To be sure, the claim of inadequate representation was based on counsel's alleged failure to prevent inaccurate information about petitioner's criminal history from being considered, and the due process claim is predicated on the alleged contamination of the sentence by the erroneous information. But the claims are conceptually different, resting on distinct legal theories. *Cf. Lanigan v. Maloney,* 853 F.2d 40, 44 (1st Cir. 1988) (in exhaustion context, court examines actual legal theory presented in state court), *cert. denied,* 488 U.S. 1007, 109 S.Ct. 788, 102 L.Ed.2d 780 (1989). Because the due process theory springs from the same factual predicate, nothing suggests that this ground could not reasonably have been presented along with the ineffective assistance claim.[2] We conclude that, were petitioner to bring a new action for post-conviction relief in state court claiming a due process violation, the court would hold the claim procedurally barred. Without an available remedy in state court, petitioner has thus satisfied the exhaustion requirement. *See Teague v. Lane,* 109 S.Ct. 1060, 1068 (1989) (plurality opinion) (where collateral relief would be unavailable on claim, petitioner has exhausted).

We recognize a certain air of paradox in concluding that the state court would now refuse to entertain a second post-conviction petition on a waived claim after we acknowledged that the Maine Supreme Court may have waived the same procedural default. We are precluded, however, from reviewing a defaulted claim only if the state court has unambiguously relied on the default for its judgment. *Harris v.*

**2.** Counsel representing petitioner on the appeal in Maine and on federal habeas review does not claim that the attorney who filed petitioner's post-conviction relief petition was ineffective in failing to include the due process argument. Nor could he in this action. *Murray v. Carrier,*

477 U.S. 478, 488–89, 106 S.Ct. 2639, 2645–46, 91 L.Ed.2d 397 (1986) (claim of ineffectiveness as "cause" for failure to raise claim must first "be presented to the state courts as an independent claim").

*Reed,* 109 S.Ct. 1038. The Maine court's decision to deny the appeal did not make clear whether it was procedurally or substantively based. Such an ambiguity prevents finding that the claim is barred on habeas review. *Hill v. McMackin,* 893 F.2d 810, 813–14 (6th Cir.1989). For exhaustion purposes, however, the question is whether there remains an available state remedy. "[I]n determining whether a remedy for a particular constitutional claim is 'available,' the federal courts are authorized, indeed required, to assess the likelihood that a state court will accord the habeas petitioner a hearing on the merits of his claim." *Harris,* 109 S.Ct. at 1046 (O'Connor, J., concurring). We hold that the due process claim is properly before this court.

### THE MERITS

Petitioner's complaint centers on the fact that he received a ten-year sentence on his burglary and theft convictions while his co-defendant received only five years for the same criminal conduct. For this disparity he blames his lawyer's inadequate representation at sentencing in failing to attack misleading or inaccurate information in his pre-sentence report (PSI) and the inclusion of the inaccurate information itself at the sentencing.

### 1. *Ineffective Assistance of Counsel*

The now-familiar standard for judging a claim of ineffective assistance is the two-pronged test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052: "the defendant must show that counsel's representation fell below an objective standard of reasonableness," *id.* at 688, 104 S.Ct. at 2064, and "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S.Ct. at 2067.

■ Applying this standard in ruling on post-conviction review, Justice Lipez of the Maine Superior Court found the following with respect to petitioner's counsel's performance at sentencing:

3. Petitioner was sentenced on September 19, 1986. Petitioner's counsel reviewed the presentence investigation for the first time that same day, shortly before going into court to participate in the sentencing hearing. He also reviewed the report briefly with petitioner just before the sentencing hearing. The presentence had been received in the clerk's office on August 26, 1986.

. . . . .

4. Petitioner's counsel was generally familiar with defendant's lengthy criminal history. The fact that the presentence investigation detailed a lengthy criminal history should not have been any surprise to counsel. Nevertheless, counsel was not prepared to deal with that lengthy criminal record in anything other than generalities at the sentencing hearing.

5. ... In this case counsel marshalled no facts with respect to defendant's prior criminal history. Long after the sentencing hearing, in the form of a submission to the court as part of the post-conviction review process, counsel has amassed many facts with respect to petitioner's prior criminal history.

6. Defendant's prior criminal record would inevitably be the focus of the sentencing hearing. Counsel's failure to prepare himself to deal with that criminal history in an informed, detailed and factual manner fell measurably below the performance expected of an ordinary fallible attorney participating in a sentencing hearing. This failure does not relate to tactical decisions or matters of judgment about how to present the case for defendant at the sentencing hearing. Rather, the failure relates to a total lack of preparation on what clearly would be the central issue at the sentencing hearing.

Respondent does not dispute the justice's conclusion that petitioner's counsel's performance in failing to prepare for sentencing was inadequate. We agree, based on a

review of the entire record, that the first prong of the ineffectiveness test was satisfied.

■ As for the required showing of prejudice resulting from counsel's performance, petitioner argues that his counsel's failure to deal effectively with the PSI entitles him to a presumption of prejudice. Prejudice may only be presumed in narrow classes of cases involving "[a]ctual or constructive denial of the assistance of counsel altogether ..., state interference with counsel's assistance ... [and] actual conflict of interest." *Strickland v. Washington*, 466 U.S. at 692, 104 S.Ct. at 2067. This case does not fall within any of these categories. Rather, petitioner claims actual ineffective assistance, and "actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice." *Id.* at 693, 104 S.Ct. at 2067. Justice Lipez found as follows with respect to prejudice:

8. ... There is no basis for a finding of presumptive prejudice in this case. Although the court has found a failure of performance in counsel's lack of preparation to deal with the specifics of petitioner's criminal history, counsel did advocate vigorously on behalf of petitioner at the sentencing hearing.

.    .    .    .    .

10. Although petitioner claims that there are inaccuracies in the summary of his record in the presentence report, and that adequate preparation by counsel would have revealed those inaccuracies, the evidence presented by petitioner establishes only that there may be incomplete information in the statement of the record in the presentence report, or a listing of pending charges that were in fact dismissed. For example, petitioner notes that six listings read by the sentencing justice were for "Viol. Def. Sent.," or violations of sentences previously imposed. By their very nature, these probation violations do relate back to sentences imposed previously. Nevertheless, a sentence on a probation violation is a new sentencing event. The

summary of the defendant's criminal record may be incomplete with respect to these probation violations because the basis for the probation violation is not set forth. If the basis for the violations involved something other than new criminal conduct, it might have been helpful for defense counsel to know those facts. However, the references to the sentencings for probation violations are not inaccurate.

11. Petitioner also cites references in the summary of criminal history to seven charges that were dismissed without a conviction or plea. The presentence report specifically notes that the charges of 10/21/62 and 5/28/69 were dismissed. The presentence further omits any recording of a disposition for the manslaughter charge of 12/30/68. The sentencing justice noted in his review of defendant's criminal history that there was no indication of a disposition for that manslaughter charge. The presentence does include this note with respect to that charge: "According to Rhode Island records, subject was found guilty of a violation of deferred sentence. due to the above arrest." Presentence investigation at 4A. With respect to the charges of 11/2/81, 9/17/82, 5/3/85, 9/12/85, and 10/7/85 the presentence notes that all of those are pending charges. The sentencing justice notes that as well with respect to some of these charges, although he does not use the word "pending" as he mentions every one of them. The omission of the word "pending" in relation to every one of those charges provides no basis for a conclusion that the sentencing judge did not note that charges clearly identified as pending were in fact pending. Although the research by defense counsel now indicates that all of these pending charges were in fact dismissed, the evidence does not indicate when those charges were dismissed. Some of those dismissals may have occurred after the preparation of the presentence report and sentencing. Moreover, there is no difference in legal effect between a notation of a pending

charge or a dismissed charge. Both are irrelevant for purposes of sentencing.

12. Even if one disregards the probation violations and pending charges summarized in plaintiff's criminal history, and focuses only on the criminal convictions that the parties agree are accurate, petitioner's criminal history remains a substantial one involving the commission of serious criminal offenses over a period of many years. More specifically, this statement of the sentencing judge remains accurate: "We have as aggravating factors twenty-four years of criminal conduct, felony charges involving mostly burglaries and theft in Connecticut, Rhode Island, Massachusetts, and Maine." Sentencing Transcript September 19, 1986, p. 21.

13. Under these circumstances, petitioner has not shown a reasonable probability that the result of the sentencing hearing would have been different if counsel had been prepared to deal properly with the details of petitioner's criminal history. In short, petitioner has not shown the requisite prejudice.

Petitioner does not dispute that from 1965 to the time of sentencing he had amassed a criminal record including at least eighteen convictions. Eleven of these were of the burglary-with-intent-to-commit-theft variety, similar to the instant offense. This record contrasts with that of his co-defendant who, according to petitioner, had only five prior convictions. That petitioner received a sentence of ten years and his co-defendant five is, on this record, unremarkable. We think it far more likely that petitioner's sentence was based on the accurate information in his criminal history than on the purported inaccurate information. Our review of the entire record leads us to conclude that there is no reasonable probability that but for counsel's inadequate preparation the outcome of the sentencing would have been different. Petitioner having failed to demonstrate prejudice, his ineffectiveness claim falls.

**2. Due Process**

■ "It is well settled ... that a defendant has a due process right to be sentenced upon information which is not false or materially incorrect." *United States v. Curran*, 926 F.2d 59, 61 (1st Cir.1991) (citations omitted). The fact that a PSI may contain inaccuracies is not enough to establish impairment of the right. For a due process violation, no less than for ineffective assistance of counsel, a defendant must establish that the sentencing court relied on the inaccurate information, i.e. that there was actual prejudice. *United States v. Kovic*, 830 F.2d 680, 685 (7th Cir.1987), *cert. denied*, 484 U.S. 1044, 108 S.Ct. 778, 98 L.Ed.2d 864 (1988); *McCrae v. Blackburn*, 793 F.2d 684, 688 (5th Cir.), *cert. denied*, 479 U.S. 965, 107 S.Ct. 466, 93 L.Ed.2d 411 (1986).

What we concluded with respect to prejudice in the ineffectiveness context applies equally to the due process claim. The evidence shows that the sentencing judge relied on petitioner's entire criminal history, not on the putative misleading entries petitioner highlights.[3] We are not persuaded by petitioner's assertion that the alleged errors in his PSI influenced the judge in imposing a harsher sentence on him than on his co-defendant. As we noted above, the criminal histories of the two do not compare. "It is thus apparent to us that [petitioner's] rap sheet shows a pattern of conduct deserving a longer sentence than that indicated for his codefendant...." *McCrae*, 793 F.2d at 688. The due process claim is without merit.

For the reasons stated, the judgment of the district court dismissing the petition for a writ of habeas corpus is

*Affirmed.*

---

**3.** Petitioner claims he is entitled to a hearing pursuant to § 2254(d) because there was none in the state courts on the due process issue. Because the facts as developed in the post-conviction review proceeding control the resolution of the due process issue, no hearing is necessary.