Forrest N. **GERRY, Jr.,** Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**Civ. No. 91–0118–P.**

United States District Court,
D. Maine.

June 10, 1991.

---

Richard S. Emerson, Jr., Portland, Me., for petitioner.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., for respondent.

## MEMORANDUM OF DECISION AND ORDER DENYING MOTION TO VACATE SENTENCE

GENE CARTER, Chief Judge.

Now before the Court is Petitioner's motion, pursuant to 28 U.S.C. § 2255, to vacate the sentence imposed upon him in this Court for his conviction on a charge of manufacturing methamphetamines. Petitioner claims that he was denied due process and effective assistance of counsel at his sentencing, and that the Court improperly levied a fine against him without determining whether Petitioner had the ability to pay. For the reasons that follow, the Court denies the motion without a hearing.

### BACKGROUND

Petitioner was indicted on March 29, 1987 on a charge of manufacturing methamphetamines, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On July 31, 1987 the Court denied Petitioner's motion to suppress evidence which was seized from his home pursuant to a search warrant. *See United States v. Gerry*, 666 F.Supp. 275 (D.Me.1987). A jury trial commenced on August 18, 1987. After one day of trial, Petitioner entered a conditional guilty plea, pursuant to Fed.R.Crim.P. 11(a)(2), reserving the right to appeal the denial of his motion to suppress. The written plea agreement was signed by Petitioner, his attorney, and the Assistant United States Attorney prosecuting Petitioner's case. It provided that

> [Petitioner] understands that there is no agreement between him and the Government with respect to sentencing in this matter and that the Government may recommend any sentence up to and including the maximum sentence provided by statute.... This agreement constitutes the only agreement between [Petitioner] and the United States of America. No other promises have been made to him. His signature in the space provided below constitutes his knowing and voluntary acceptance of the provisions described above.

*See* Attachment B to Government's Response to Plaintiff's Motion.

On October 9, 1987 the Court sentenced Petitioner to a term of imprisonment of eighteen years, to be followed by three years of supervised release, and imposed a $10,000 fine. Petitioner's appeal of the denial of his motion to suppress was unsuccessful. *See United States v. Gerry*, 845 F.2d 34 (1st Cir.1988).

### Discussion

Petitioner first contends that he was denied due process at the time he was sentenced. He claims that at his sentencing, the prosecuting United States Attorney introduced adverse information about him, which was not contained in the presentence report, and that he had no meaningful opportunity to contest the accuracy of the information.

At Petitioner's sentencing hearing, the Assistant United States Attorney described conversations alleged to have occurred between Petitioner and a confidential informant which implicated Petitioner in a plan to smuggle heroin into the United States and to process cocoa base into cocaine. *See* Sentencing Transcript at 12–14. The Assistant United States Attorney also related that a deceased witness had stated that cocaine parties took place at Petitioner's residence. *Id.* at 15.

It is clear that Petitioner was entitled to due process of law in all phases of his prosecution, including sentencing. *See Carsetti v. Maine*, 932 F.2d 1007, 1014 (1st Cir.1991). Due process entitled Petitioner to be sentenced on information which is not false or materially incorrect. *Id.* To prove a due process violation, however, Petitioner must show that "the sentencing court relied on the inaccurate information, i.e. that there was actual prejudice." *Id.*

■ Petitioner's right to due process was not violated because the Court did not rely on the challenged information when it sentenced him. The Court stated explicitly, on two occasions, that it did not intend to rely in any way on the allegations made by the Assistant United States Attorney as to the information provided to the Government by the confidential informant. *See* Sentencing Transcript at 19, 26–27. Fur-

ther, the Court did not rely in any way on the information the Government allegedly obtained from a deceased witness. Petitioner's claim that the Court was swayed by the Government's unsupported accusations, in spite of its stated intention to disregard them, is without merit. The Court described at length the reasons for Petitioner's sentence, and it disregarded entirely the unsupported statements made by the Government. The Court concludes that Petitioner's right to due process was preserved.

■ Petitioner next argues that he was denied effective assistance of counsel at his sentencing hearing. At the hearing, Petitioner's counsel objected to the Government's presentation of adverse information concerning Petitioner. After the Court stated that it would disregard the information and after discussing the matter with Petitioner, counsel waived objection to any problems caused by the introduction of the information because "[Petitioner] wishes to be sentenced this morning." Sentencing Transcript at 20.

To prevail on this claim, Petitioner must establish that his counsel's performance was deficient and that the deficiency caused him prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Petitioner has established neither of these elements. When counsel for Petitioner objected to the introduction of the challenged information, the Court indicated that it would disregard the information, and the Court did in fact disregard the information when it imposed sentence. Thus Petitioner's ineffective assistance of counsel claim fails for the same reason that his due process claim fails.

■ Petitioner also alleges that he entered his conditional guilty plea in reliance on a promise, allegedly made by the prosecuting Assistant United States Attorney, that the Government would recommend to the Court a sentence of ten years. At his sentencing, a different Assistant United States Attorney appeared on behalf of the Government and recommended a term of

imprisonment of twenty years. Petitioner alleges that his counsel's failure to object to the more stringent sentencing recommendation amounts to ineffective assistance of counsel.

The record before the Court overwhelmingly refutes Petitioner's claim. First, the written plea agreement, which is signed by Petitioner and his counsel, recites that there was no agreement as to sentencing and that the Government was free to recommend any sentence up to the maximum provided by statute. It also states that the agreement constituted the entire agreement and that no other promises had been made to Petitioner. Moreover, Petitioner stated at his Rule 11 proceeding, in response to direct inquiry from the Court, that he had entered into the agreement voluntarily and that no threats or promises had been made to him by the Government. *See* Transcript of Rule 11 Proceedings at 8. Further, the Government has submitted the declarations of the Assistant United States Attorney who allegedly made the promise of a ten-year recommendation and of the attorney who represented Petitioner in connection with his trial and guilty plea, and each denies the allegation made by Petitioner. *See* Attachments H and I to Government's Response to Plaintiff's Motion. There is simply no basis in the record, other than Petitioner's recent and implausible accusation, that such a promise was made to him; on the contrary, the record compels the opposite conclusion. The Court finds Petitioner's allegation that a promise of a favorable sentencing recommendation was made by the Government to induce Defendant to enter a guilty plea patently false and frivolous. Because there was no such promise, there was no basis for Petitioner's counsel to object to the actual recommendation made by the Government and thus no ineffective assistance of counsel.

Finally, Petitioner contends that the Court imposed a fine without properly determining his ability to pay. The Court concluded, based on ample evidence in the record, that Petitioner had the ability to pay the fine, and thus his claim fails.

 After a full review of Petitioner's claims and of the expanded record made on this motion, the Court finds no merit to Petitioner's motion. Moreover, the Court has determined that Petitioner's claims are directly contradicted by the record and that his allegations are patently false, and thus no hearing is required. *See Baranow v. United States*, 670 F.Supp. 1052, 1054 (D.Me.1987); *United States v. Butt*, 731 F.2d 75, 77 (1st Cir.1984).

Accordingly, the Court ORDERS that Petitioner's motion to vacate sentence be, and it is hereby, DENIED.