**Jose ARIZAGA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. CIV. 99–2120(HL)**
**No. CRIM. 96–214(HL).**

United States District Court, D. Puerto Rico.

Feb. 5, 2001.

Jose Arizaga, San Juan, PR, pro se.

Michello Morales, U.S. Atty's Office District of PR, Criminal Division, Hato Rey, PR, for Respondent.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is a petition for post-conviction relief under 28 U.S.C. § 2255 filed by José Arizaga. Arizaga was charged in three of the indictment's fifteen counts. Count one charged him with being part of a conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count twelve charged him with possessing one kilogram of cocaine with intent to distribute, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). Count fourteen charged him with attempting to possess ten kilograms of cocaine with intent to distribute, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 846.[1] Sixteen other individuals were charged in the indictment. Most of them plead guilty. Arizaga and three other defendants chose to go to trial. After a seven-day trial, the jury found Arizaga guilty on all three counts.[2] The Court sentenced him to one hundred twenty-one months as to counts one and fourteen and sixty months as to count twelve, to be served concurrently.[3] He appealed, and the First Circuit affirmed his conviction in an unpublished opinion. *See United States v. Arizaga*, 187 F.3d 623, 1999 WL 529523 (1st Cir. March 11, 1999).

Arizaga then filed the present petition. He claims that he was denied his Sixth Amendment right to effective assistance when his trial attorney failed to move for a severance; failed to let him testify; failed to interview or call as a witness co-defendant Samuel Rivera Maldonado; failed to interview or call as a witness the manager of the Burger King where a drug transaction involved in this case took place; failed to present a Government video taken at

---

**1.** Crim. no. 96–214(HL), docket no. 1.

**2.** Crim. no. 96–214(HL), docket no. 289.

**3.** Crim. no. 96–214(HL), docket no. 394.

the Burger King; failed to point out discrepancies in the testimonies of the police officers who were present; and failed to attack the credibility of Luis Chevere, the Government's chief witness. He also bases his petition on claims that the Court should have granted the Rule 29 motion made at trial and that the jury's verdict was based on unsupported conjecture and speculation.

## DISCUSSION

### 1. Failure to move for a severance

 Because Arizaga is appearing *pro se*, the Court will broadly construe normal pleading requirements. *See United States v. Michaud*, 925 F.2d 37, 41 (1st Cir.1991) The Sixth Amendment guarantees a criminal defendant effective assistance of counsel in order to protect that defendant's fundamental right to a fair trial. *Strickland v. Washington*, 466 U.S. 668, 684–85, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). The Constitution does not guarantee a defendant a perfect or successful defense; rather, he is guaranteed " 'reasonably effective assistance under the circumstances then obtaining.' " *Lema v. United States*, 987 F.2d 48, 51 (1st Cir.1993) (quoting *United States v. Natanel*, 938 F.2d 302, 309–10 (1st Cir. 1991)). A court should evaluate the challenged conduct not with the benefit of hindsight, but from the attorney's perspective at the time of the trial. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *Lema*, 987 F.2d at 51.

 A petitioner must show, first, that his counsel's performance was deficient and, second, that this deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Bucuvalas v. United States*, 98 F.3d 652, 658 (1st Cir.1996); *Bonneau v. United States*, 961 F.2d 17, 20 (1st Cir.1992). The petitioner has the burden of proving both prongs of this test, and the burden is a heavy one. *Bucuvalas*, 98 F.3d at 658. An attorney's performance is deficient if it

is " 'so inferior as to be objectively unreasonable.' " *Id.* (quoting *United States v. McGill*, 11 F.3d 223, 226 (1st Cir.1993)). The petitioner must show that, but for his counsel's deficient performance, the outcome would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *United States v. Hart*, 933 F.2d 80, 83 (1st Cir.1991); *Carsetti v. Maine*, 932 F.2d 1007, 1012 (1st Cir.1991). He must show that his counsel's errors were so serious that they deprived him of a fair trial, a trial whose result is reliable. *United States v. Ademaj*, 170 F.3d 58, 64 (1st Cir.1999). There is a strong presumption that the counsel's performance comes within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. The defendant must overcome the presumption that his counsel's performance could " 'be considered sound trial strategy.' " *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). The court's scrutiny of the attorney's performance must be highly deferential. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

 Arizaga argues that his trial attorney should have moved to sever his case. He asserts that he was prejudiced by the spill-over from the conduct charged against the other defendants with whom he went to trial. The general rule in federal court, however, is that defendants who are indicted together should be tried together. *United States v. Shareef*, 190 F.3d 71, 77 (2nd Cir.1999); *United States v. DeLeon*, 187 F.3d 60, 63 (1st Cir.1999). It is not at all apparent that a motion to sever would have been successful. Given the lack of a clear likelihood of success that a motion for severance would have had, the failure to move for one was not deficient or so inferior as to be objectively unreasonable.

### 2. Failure to let Arizaga testify

 Arizaga next argues that his attorney prevented him from taking the stand to testify in his own behalf. A crimi-

nal defendant's claim that his own counsel violated his right to testify on his behalf is properly viewed as a claim of ineffective assistance of counsel. *United States v. Teague*, 953 F.2d 1525, 1534 (11th Cir. 1992). Absent evidence of coercion, legal advice concerning the defendant's right to testify does not constitute a violation. *Lema*, 987 F.2d at 52. In a thorough, well-reasoned opinion on this subject, Judge Pieras held that a court should presume that a defendant who does not testify at trial has waived his right to do so and that in order to rebut this presumption, the defendant must present something more than mere conclusory allegations. *See Passos–Paternina v. United States*, 12 F.Supp.2d 231, 239 (D.P.R.1998), *aff'd* 201 F.3d 428 (1st Cir.1999) (Table case). The petitioner must make specific allegations which would allow a court to infer that his attorney somehow prevented him from testifying. *Id.*

■ In the present case, Arizaga makes no specific allegations in his petition to allow the Court to infer that his attorney did in fact impede his testimony. He states only that he was prevented from defending himself on the stand by his attorney.[4] He provides no details or context on how his attorney committed this alleged infringement. Thus, under the framework set forth in *Passos–Paternina*, his claim on this point fails. More importantly, Arizaga raised this issue in a *pro se* motion which he filed shortly after trial.[5] His attorney filed a motion denying this allegation.[6] On July 21, 1997, the Court held a hearing on the matter, at which both Arizaga and his trial attorney testified. At that hearing, the Court found that there was no support for the claim that Arizaga was prevented by his attorney from testifying at trial.[7] Because the Court has

already ruled on this issue, it need not hold another hearing to rehash this matter. Based on its hearing held on July 21, 1997, the Court again finds that Arizaga was not prevented by his counsel from testifying at trial. His argument on this issue is denied.[8]

*3. Failure to interview or call witnesses and present evidence*

Arizaga further argues that his attorney failed to interview or call as a witness codefendant Samuel Rivera Maldonado; failed to interview or call as a witness the manager of the Burger King which was the site of a drug transaction involved in this case; and failed to present a Government video taken at the Burger King where he was first arrested. He claims that Rivera–Maldonado would have testified that Arizaga had nothing to do with the conspiracy to possess ten kilograms of cocaine; that the Burger King manager would have testified that Arizaga arrived at the restaurant alone and not with any of the other charged co-conspirators; and that the videotape would have shown that he had nothing to do with the offense at the Burger King.

■ Counsel for a criminal defendant must make a reasonable investigation in the preparation of his case. *Kenley v. Armontrout*, 937 F.2d 1298, 1304 (8th Cir. 1991). Counsel's assistance will be found to be ineffective if he has performed little or no investigation into the case. *Id.* Generally, a finding of ineffective assistance will be based on a failure to investigate where the evidence which the investigation would have produced would have made the defendant's conviction nearly impossible. *Passos–Paternina*, 12 F.Supp.2d at 236 n. 4.

---

4. Civil no. 99–2120(HL), docket no. 1, at 10.

5. Crim. no. 96–214(HL), docket no. 303.

6. Crim. no. 96–214(HL), docket no. 307.

7. Crim. no. 96–214(HL), docket no. 479.

8. The Court also notes that in his petition, Arizaga does not specify what would have been the nature of his testimony had he actually taken the stand. Thus, the Court is unable to determine what prejudice he suffered by not testifying.

 Arizaga's claim with regard to Rivera–Maldonado apparently is based on an affidavit by this individual which Arizaga submitted in support of a motion for a new trial, which he filed prior to his sentencing. In the one-page affidavit, Rivera–Maldonado avers that Arizaga is innocent of any wrongdoing in this case and had nothing to do with the criminal acts charged against him. In the affidavit, Rivera–Maldonado does not explain how he knows that Arizaga is innocent.[9] Without such personal knowledge, this testimony would appear to be inadmissible. Additionally, Arizaga does not allege or demonstrate in his petition that his attorney knew of Rivera–Maldonado. Nor did Rivera–Maldonado state in his affidavit that he was willing to testify on behalf of Arizaga at trial. Lastly, the First Circuit considered this affidavit in Arizaga's appeal, and found it less than convincing. That Court concluded that "Rivera–Maldonado's testimony would not have been likely to result in Arizaga's acquittal upon retrial." *Arizaga*, 187 F.3d 623, 1999 WL 529523, at *3. Thus, the failure to attempt to present this individual as a witness did not constitute ineffective assistance.

Arizaga also claims that his attorney should have presented the Burger King manager as a witness. Although Arizaga asserts that this witness would have testified that Arizaga arrived at the restaurant separately from the other defendants, he offers no name, details, or specifics as to this alleged witness. Moreover, even if such a witness did exist, Arizaga has not shown that the failure to present this testimony was somehow prejudicial. Even if Arizaga did arrive at the restaurant on his own, Chevere and two police officers testified that Arizaga was part of the group that was arrested that day. And with regard to the failure to present a video of the incident, Arizaga offers no evidence that such a video does in fact exist. Thus,

the Court denies his claim that the failure to present these witnesses and the video constituted ineffective assistance of counsel.

### 4. Failure to point out discrepancy in police officers' testimony

 Arizaga further claims that his attorney should have pointed out that two of the police officers who were at the Burger King provided conflicting testimony on what happened there. He makes much of the fact that one officer testified that the defendants sat at a front table, while another officer testified that they sat at the rear of the restaurant.[10] The Court finds that any discrepancy in the testimony of these two witnesses is not so egregious that an attorney's failure to point it out would constitute ineffective assistance. First of all, the witnesses' testimony can be reconciled by considering that concepts such as the "front" or "back" of a public establishment can be relative to the speaker's position or orientation. Secondly, these two witnesses did corroborate one another on a number of other points, including the order of the arrival of the officers and defendants; which officer sat near the defendants; the arrival of an undercover agent; the giving of an arrest signal; and the defendants' dispersal—including Arizaga's going to the bathroom—when the arrests began.[11] The fact that one police officer said the defendants were in the front while another testified that they were in the rear is at most a minor discrepancy and not a red flag that would necessarily require an attorney to point it out.

Arizaga also claims that the officers differed in their respective accounts of how many people were in the group of defendants. The first officer stated that when he arrived at the restaurant, there were

9. Crim. no. 94–016(HL), docket no. 363.

10. Crim. no. 96–214(HL), docket no. 413, at 92, 99.

11. Crim. no. 96–214(HL), docket no. 413, at 92–103.

five or six individuals seated at a table.[12] The second officer stated that initially a group of three or four persons arrived; later, another person showed up.[13] Thus, both testified that at one point there were approximately five individuals in the group. More importantly, both testified that Arizaga was in the group. Even if one officer had testified that there were five or six in the group and the other officer testified that there were three or four, this difference is also a minor one. The failure of Arizaga's attorney to point it out to the jury is not performance that is so inferior as to be objectively unreasonable.

### 5. Failure to attack Chevere's credibility

Arizaga's last ineffective assistance argument is that his attorney failed to attack the credibility of Chevere, the Government's chief witness. This allegation is belied by the record. His attorney challenged this witness' credibility in both his opening statement and closing.[14] He also vigorously cross-examined him.[15] Therefore, this argument is denied.

### 6. Court's denial of Rule 29 and jury speculation

Lastly, Arizaga argues that the Court should have granted his Rule 29 motion at trial and that the jury's verdict was based on unsupported conjecture and speculation. The Court treats these arguments as a claim that there was insufficient evidence to support the verdict. On direct appeal, Arizaga challenged the sufficiency of the evidence against him. The First Circuit denied this challenge, *see Arizaga*, 187 F.3d 623, 1999 WL 529523, at *3–4. A petitioner may not raise in a section 2255 claim an issue that was resolved on direct appeal. *Murchu v. Unit-*

*ed States*, 926 F.2d 50, 55 (1st Cir.1991). Thus, this claim also must be denied.

WHEREFORE, for all of the reasons set forth above, the Court denies Arizaga's section 2255 petition. Judgment shall be entered accordingly.

IT IS SO ORDERED.

---

**12.** Crim. no. 96–214(HL), docket no. 413, at 92.

**13.** Crim. no. 96–214(HL), docket no. 413, at 99–100.

**14.** Crim. no. 96–214(HL), docket no. 410, at 143–45; docket no. 415, at 112–17.

**15.** Crim. no. 96–214(HL), docket no. 413, at 58–65, 74–76.