MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2013 ME 16
Docket:        SRP-11-539
Argued:        January 16, 2013
Decided:       February 5, 2013

Panel:         SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

## STATE OF MAINE

v.

## ERIC HAMEL

GORMAN, J.

[¶1]  In this sentence review appeal, Eric Hamel challenges the concurrent forty-five-year prison sentences imposed by the court (*Clifford, J.*) on Hamel's judgment of conviction for two counts of intentional or knowing murder, 17-A M.R.S. § 201(1)(A) (2012), entered on his guilty pleas.  Hamel argues that the court abused its discretion in sentencing him to a longer prison term than that of his two co-conspirators.  We disagree and affirm the sentences.

## I.  BACKGROUND

[¶2]  In 2009, Gayla Sheldon asked her boyfriend, Richard Moulton, to either kill her estranged husband, Victor Sheldon, or arrange for someone else to kill him.  Moulton contacted Hamel, a high school friend, who agreed to murder Victor in exchange for payment.  After one failed attempt to lure Victor to a location where Hamel was to kill him, Gayla, Moulton, and Hamel agreed that

Hamel would kill Victor and, at the same time, kill Victor's roommate, Robert Day. On August 3, 2009, Hamel went to the home Victor and Day shared in Rumford and shot and killed them both.

[¶3] Gayla, Moulton, and Hamel all pleaded no contest or guilty to various charges. In July of 2011, Gayla pleaded no contest to conspiracy to commit murder (Class A), 17-A M.R.S. §§ 151(1)(A), 201(1)(A) (2012), and solicitation to commit murder (Class A), 17-A M.R.S. §§ 153(1)(A), 201(1)(A) (2012), in exchange for the State's dismissal of three other charges against her. Based on an agreement between Gayla and the State that the court accepted, the court sentenced Gayla to twenty-five years in prison with all but fifteen years suspended and four years of probation for each count, to run concurrently. In August of 2011, pursuant to an agreement with the State that was accepted by the court, Moulton pleaded guilty to two counts of intentional or knowing murder, 17-A M.R.S. § 201(1)(A). The court sentenced Moulton to forty years in prison, the maximum allowed pursuant to Moulton's agreement with the State.

[¶4] Finally, Hamel also pleaded guilty to two counts of intentional or knowing murder, 17-A M.R.S. § 201(1)(A). Also pursuant to an agreement with the State that was accepted by the court, Hamel's sentence could be no more than fifty years in prison, but he was free to argue for a reduced term of years. The court sentenced him to two concurrent terms of forty-five years in prison. We

granted Hamel's application for leave to appeal his sentence. *See* 15 M.R.S. § 2151 (2012); M.R. App. P. 20(h).

## II. DISCUSSION

[¶5] Hamel challenges only the sentence imposed by the court. Pursuant to 15 M.R.S. § 2155 (2012), we consider (1) "[t]he propriety of the sentence, having regard to the nature of the offense, the character of the offender, the protection of the public interest, the effect of the offense on the victim and any other relevant sentencing factors recognized under law," and (2) "[t]he manner in which the sentence was imposed, including the sufficiency and accuracy of the information on which it was based." In determining "whether the sentencing court disregarded the statutory sentencing factors, abused its sentencing power, permitted a manifest and unwarranted inequality among sentences of comparable offenders, or acted irrationally or unjustly" in fashioning a sentence, we afford the trial court considerable discretion. *State v. Reese*, 2010 ME 30, ¶ 21, 991 A.2d 806; *see* 15 M.R.S. § 2154 (2012); *State v. Koehler*, 2012 ME 93, ¶ 32, 46 A.3d 1134; *State v. Stanislaw*, 2011 ME 67, ¶ 14, 21 A.3d 91.

[¶6] In calculating Hamel's murder sentence, the court undertook the appropriate two-step procedure outlined in 17-A M.R.S. § 1252-C(1), (2) (2012). *See Koehler*, 2012 ME 93, ¶ 33, 46 A.3d 1134. First, the court considered the basic term of imprisonment "based on an objective consideration of the particular

nature and seriousness of the crime, taking into account the sentencing principles" outlined in 17-A M.R.S. § 1151 (2012). *Koehler*, 2012 ME 93, ¶ 33, 46 A.3d 1134; *see* 17-A M.R.S. § 1252-C(1). The court calculated Hamel's basic sentence at fifty years for committing two premeditated murders for pecuniary gain. Second, the court considered as aggravating factors that both victims were most likely aware of their imminent deaths and the impact these deaths had on the victims' families. *See* 17-A M.R.S. § 1252-C(2). As mitigating factors, the court considered Hamel's youth (he was twenty-one years old at the time of sentencing), his difficult childhood, his lack of a criminal record, that the murders were not initially his idea, and that he accepted responsibility for the crimes and pledged his cooperation with the State. *See* 17-A M.R.S. § 1252-C(2). The court ultimately sentenced Hamel to forty-five years for each count, a term that complies with the statutory requirements for murder cases, namely, a minimum of twenty-five years in prison and up to life in prison. 17-A M.R.S. § 1251 (2012).

[¶7] Hamel contends, however, that his sentence violates one particular goal of sentencing—"[t]o eliminate inequalities in sentences that are unrelated to legitimate criminological goals"—because he received a longer term of years than either Gayla or Moulton. 17-A M.R.S. § 1151(5).

[¶8] Although section 1151 provides a list of sentencing goals, "the selection for appropriate emphasis among these disparate purposes rests in the

discretion of the court." *State v. Mudie*, 508 A.2d 119, 121 (Me. 1986). Here, the sentencing court explicitly considered the apparent inequality in sentences among the three individuals involved in the killings pursuant to section 1151, and accounted for it by sentencing Hamel to only forty-five years instead of the fifty-year capped sentence the court stated it otherwise would have imposed.

[¶9] The differences among the three sentences reflects the differences in the conduct of each of the defendants and the resulting convictions. Pursuant to an agreement with the State, Gayla, although the mastermind of the plot to kill her husband, was ultimately convicted of only conspiracy and solicitation charges; unlike Hamel, she was not convicted of murder. Moulton was convicted of murder for his role in furthering Gayla's plan, but he did not kill either victim. Hamel alone shot both victims, thereby carrying out the premeditated murder of two people for pecuniary gain. The distinctions between Moulton's and Hamel's actions support the differences in their respective sentences. *See State v. Corrieri*, 654 A.2d 419, 423-24 (Me. 1995) (affirming a sentence that was longer than that of two co-defendants because the defendant lacked remorse, refused to acknowledge his responsibility for the act, and had a conviction for similar conduct in his juvenile record).

[¶10] Given the court's thoughtful consideration of the purposes of sentencing, proper completion of the two-step sentencing procedure for murder,

articulation of the reasons for the sentence, and explicit discussion of and adjustment for the sentencing inequality at issue, we affirm Hamel's sentence. *See Stanislaw*, 2011 ME 67, ¶ 15, 21 A.3d 91 (discussing the importance of the sentencing court articulating its process and rationale); *State v. Dalli*, 2010 ME 113, ¶ 14, 8 A.3d 632 (affirming a sentence based on the court's explicit consideration of the purposes of sentencing); *cf. State v. Houston*, 534 A.2d 1293, 1297 (Me. 1987) (vacating an assault sentence for "punishing more harshly a man's unprovoked assault upon a woman than a similar attack upon a victim who is an equally defenseless male").

The entry is:

Sentences affirmed.

---

**On the briefs:**

George A. Hess, Esq., Lewiston, for appellant Eric Hamel

William J. Schneider, Attorney General, and Lauren F. LaRochelle, Asst. Atty. Gen., Augusta, for appellee State of Maine

**At oral argument:**

George A. Hess, Esq., Lewiston, for appellant Eric Hamel

Lauren F. LaRochelle, Asst. Atty. Gen., Augusta, for appellee State of Maine