96 F.3d 1450
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David WOFFORD, Petitioner-Appellant,
v.
Paul BARNETT, Jr., Warden,* Respondent-Appellee.
 No. 95-2127.
 United States Court of Appeals, Seventh Circuit.
 Argued Aug. 6, 1996.
Decided Sept. 4, 1996.
 
 Before BAUER, MANION and DIANE P. WOOD, Circuit Judges.
 ORDER
 In this appeal from the denial of his petition for a writ of habeas corpus, 28 U.S.C. § 2254, David Wofford raises an unusual claim: he believes that he stands convicted of two counts of murder for killing one man. Wofford argues that his alleged double conviction constitutes a fundamental miscarriage of justice because, as a matter of logic, he can only be guilty of one murder and therefore must be "actually innocent" of the other. Wofford misconstrues the record and the miscarriage of justice doctrine; we affirm.
 
 
 1
 In March 1983 Wofford shot and killed Harold Crawford from a passing automobile. An Illinois grand jury soon indicted Wofford on two counts of murder, one count charging that he "intentionally and knowingly shot and killed Harold Crawford," the other that he "shot and killed Harold Crawford with a gun, knowing that such shooting with a gun created a strong probability of death or great bodily harm to said Harold Crawford." The two counts track the first two subsections of the Illinois first degree murder statute, Ill.Rev.Stat. ch. 38, § 9-1(a)(1), (2) (1983) (recodified at 720 ILCS 5/9-1), and do no more than state two theories of conviction for the same crime. The jury was instructed accordingly and returned a general verdict of guilty without distinguishing between the two counts. When the trial court entered judgment, it stated that the two counts were "merged" and sentenced Wofford to a term of forty years imprisonment.
 
 
 2
 Wofford's conviction was affirmed on direct appeal, People v. Wofford, 509 N.E.2d 1026 (Ill.App.1987), in an opinion where the appellate court stated by way of introduction that "Wofford was convicted on two counts of murder," cited the two subsections of the murder statute, and then went on to describe the facts of the Crawford murder. Id. at 1026-28. In his petition for a writ of habeas corpus, Wofford raised procedurally defaulted claims of prosecutorial misconduct and ineffective assistance of counsel. For the first time in any court, he introduced his claim of actual innocence in his reply. The district court rejected the belated claim as forfeited and did not reach its merits. On appeal, Wofford has abandoned all but this claim of innocence.
 
 
 3
 Because Wofford's claim is absolutely meritless, it is of little moment whether the claim is procedurally barred. The matter should be as simple as observing that by the jury's returning a general verdict of "guilty," and by the state trial court's declaring the two counts "merged" before entering judgment of conviction, it is evident that Wofford was convicted and sentenced on one count of murder. As the state asserts, there is no evidence in the record that the parties or the trial court considered Wofford to be convicted of two counts. There is an ambiguity, however, and this is the likely source of Wofford's confusion, in that on direct review the Illinois appellate court intimated in passing that Wofford stood convicted of two counts of murder for one killing.
 
 
 4
 From the narrow perspective of a miscarriage of justice inquiry on a petition for a federal writ of habeas corpus, however, it does not matter whether Illinois considers Wofford convicted of one count of murder or two. He has absolutely conceded that he is guilty of murder, regardless of the theory used, and thus asserts no claim of actual innocence. His petition fails to satisfy a condition precedent of the miscarriage of justice doctrine. Wofford realizes this, but nonetheless contends that our holding in Mills v. Jordan, 979 F.2d 1273, 1277 (7th Cir.1992), extended the miscarriage of justice exception to permit claims where the petitioner is not actually innocent of the crime, but is innocent of a fact which enhanced his sentence. In Mills the "fact" was whether or not a 1965 larceny conviction was valid. Yet even if this reading of Mills is correct, we would still have to assume that Wofford's sentence was enhanced by the second murder count, even when there was only one victim. Wofford's claim fails because the "fact" of which he argues he is innocent is that, he believes, there must have been two deaths to convict him of two counts of murder. This argument goes nowhere. He admits murdering Crawford. There was no second victim. The trial court declared the two counts merged. He was given one 40-year sentence for the murder. Aside from the fact that he has procedurally defaulted on this hollow claim, Wofford raises a double jeopardy legal argument that has by its nature nothing to do with actual innocence.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The "People of the State of Illinois" were originally and incorrectly named as respondent in this action. On its own motion, the court corrects the caption to name the state officer having custody of the petitioner. See Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts