**Cesar TORRES ROSA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**CIV. No. 01–1193(HL).**
**CRIM. No. 96–337(HL).**

United States District Court,
D. Puerto Rico.

April 25, 2001.

Cesar Torres-Rosa, Edgefield, SC, pro se.

Guillermo A. Gil-Bonar, U.S. Attys. Office, Hato Rey, PR, for USA.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is a petition for post-conviction relief under 28 U.S.C. § 2255 filed by Cesar Torres Rosa ("Torres"). Torres pled guilty to Count One of the Superseding Indictment, namely, that he conspired to possess, with intent to distribute, between 15 and 50 kilograms of cocaine. Torres was sentenced on October 7, 1998 to 294 months' imprisonment, in addition to other penalties. Torres appealed, and on March 27, 2000, the First Circuit affirmed his conviction. *See United States v. Torres–Rosa,* 209 F.3d 4 (1st Cir.2000). Torres then filed the present petition on February 14, 2001.

## DISCUSSION

1. **Claim of Government's Failure to File an Informative Notice Regarding its Intent to Seek an Enhancement of His Sentence**

Torres' first claim is that the District Court improperly enhanced his sentence on the basis of his prior convictions in the courts of Puerto Rico. According to Torres, the District Court was without jurisdiction to enhance his sentence in the absence of the Government's filing of an information giving Torres notice of the Government's intention to seek an enhanced sentence under 21 U.S.C. § 851(a)(1).

■ Torres argues that "[b]ecause jurisdictional claims may not be defaulted, a defendant need not show cause and prejudice to attack an enhanced sentence." Dkt. No. 1. This is incorrect. The First

Circuit recently held that claims like Torres' are not jurisdictional in this sense. *Prou v. United States,* 199 F.3d 37, 42–47 (1st Cir.1999), *cert. denied,* 520 U.S. 1129, 117 S.Ct. 1275, 137 L.Ed.2d 352 (1997). Some courts have referred to these claims as jurisdictional due merely to the "unfortunate penchant of judges and legislators to use the term 'jurisdiction' to describe the technically distinct notion of a court's authority to issue a specific type of remedy in a case in which the threshold requirements of subject-matter and personal jurisdiction are not open to question." *Id.* at 45. The First Circuit went on to say unequivocally that "a defendant's failure to object at sentencing and/or on direct appeal to the untimeliness of the government's section 851(a)(1) information constitutes a procedural default, leaving the issue open to collateral attack only if the defendant can show cause and prejudice." *Id.* at 47.

■ On the issue of cause, Torres' showing is limited to asserting in his petition that he

was relying on Appointed [*sic*] counsel to protect his due process rights. Petitioner is untrained in the art and science of law, [*sic*] and speaks limited English. Petitioner was unaware of the arguments presented herein until advised of these issues by a trained paralegal who assisted him in this petition.

Dkt. No. 1. Torres' lack of facility with English and his limited knowledge of the law do not constitute cause for his procedural default. *See, e.g., Henderson v. Cohn,* 919 F.2d 1270, 1272 (7th Cir.1990) (holding that illiteracy and *pro se* status are insufficient to show cause); *Vasquez v. Lockhart,* 867 F.2d 1056, 1058 (8th Cir. 1988) (holding that *pro se* status and unfamiliarity with English do not establish

cause), *cert. denied*, 490 U.S. 1100, 109 S.Ct. 2453, 104 L.Ed.2d 1007 (1989); *Tineo v. United States*, 977 F.Supp. 245, 253 (S.D.N.Y.1996) (holding that cause is "something external to the petitioner," such as interference by officials, previously unavailable factual or legal bases for a claim, but not "[i]gnorance of the law"); *United States ex rel. Wofford v. People*, 1995 WL 143550, 3 (N.D.Ill.1995) (holding that "[f]actors internal to the petitioner, 'such as his illiteracy, limited education, *pro se* status, unfamiliarity with the law, or unfamiliarity with English, ordinarily will not constitute sufficient cause'" (quoting *United States ex rel. Cawley v. Detella*, 1994 WL 233810, 4 (N.D.Ill.1994), *aff'd*, 71 F.3d 691 (7th Cir.1995))), *aff'd*, 96 F.3d 1450, 1996 WL 508563 (7th Cir.1996); *United States ex rel. Chricton v. Chrans*, 1992 WL 6705, 2 (N.D.Ill.1992) (holding that "*pro se* status and . . . ignorance of the law do not" constitute cause). Thus, the Court need not examine whether Torres has demonstrated prejudice. This claim is hereby denied.

## 2. Claim of Ineffective Assistance for Trial Counsel's Failure to Raise at Sentencing Government's Failure to File an Enhancement Information

Torres includes a claim that he was denied the effective assistance of counsel when his trial counsel failed to raise at sentencing the government's failure to file an enhancement information. Of course, "[c]onstitutionally ineffective assistance of counsel constitutes cause sufficient to excuse a procedural default." *Prou*, 199 F.3d at 47.

■ The Sixth Amendment guarantees a criminal defendant effective assistance of counsel in order to protect that defendant's fundamental right to a fair trial. *Strickland v. Washington*, 466 U.S. 668, 684–85, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984). The Constitution does not guarantee a defendant a perfect or successful defense; rather, he is guaranteed " 'reasonably effective assistance under the circumstances then obtaining.'" *Lema v. United States*, 987 F.2d 48, 51 (1st Cir. 1993) (quoting *United States v. Natanel*, 938 F.2d 302, 309–10 (1st Cir.1991), *cert. denied*, 502 U.S. 1079, 112 S.Ct. 986, 117 L.Ed.2d 148 (1992)). A court should evaluate the challenged conduct not with the benefit of hindsight, but from the attorney's perspective at the time of the trial. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052; *Lema*, 987 F.2d at 51.

■ A petitioner must show, first, that his counsel's performance was deficient and, second, that this deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052; *Bucuvalas v. United States*, 98 F.3d 652, 658 (1st Cir.1996); *Bonneau v. United States*, 961 F.2d 17, 20 (1st Cir.1992). The petitioner has the burden of proving both prongs of this test, and the burden is a heavy one. *Bucuvalas*, 98 F.3d at 658. An attorney's performance is deficient if it is " 'so inferior as to be objectively unreasonable.'" *Id.* (quoting *United States v. McGill*, 11 F.3d 223, 226 (1st Cir.1993)). The petitioner must show that there is a reasonable probability that, but for his counsel's deficient performance, the outcome would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052; *United States v. Hart*, 933 F.2d 80, 83 (1st Cir.1991); *Carsetti v. Maine*, 932 F.2d 1007, 1012 (1st Cir.1991). He must show that his counsel's errors were so serious that they deprived him of a fair trial, a trial whose result is reliable. *United States v. Ademaj*, 170 F.3d 58, 64 (1st Cir.1999), *cert. denied*, 528 U.S. 887, 120 S.Ct. 206, 145 L.Ed.2d 173 (1999). There is a strong presumption that the counsel's performance comes within the wide range

of reasonable professional assistance. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. The defendant must overcome the presumption that his counsel's performance could "'be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)). The Court's scrutiny of the attorney's performance must be highly deferential. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

■ The Court need not tarry. Torres can not demonstrate any deficient performance on the part of his trial attorney because

> an informational notice [is] obligatory under 21 U.S.C. § 851 only in cases where the government seeks to enhance the *statutory* minimum or maximum penalties that apply to a given defendant. It follows, then, that section 851 is not in play, and an informational notice is not required, in a situation where, as here, the defendant is sentenced as a career offender to a prison term that falls within a non-enhanced statutory minimum-maximum range.

*Suveges v. United States*, 7 F.3d 6, 9 (1st Cir.1993) (emphasis in original). In this case, the non-enhanced statutory minimum-maximum range was 10 years to life because Torres pled guilty to possession of at least 15 kilograms but less than 50 kilograms of cocaine. *See* 21 U.S.C. § 841(a)(1) and 841(b)(1). Torres specifically acknowledged this statutory minimum-maximum range in his Plea Agreement. *See* Dkt. No. 749. Torres was sentenced to 294 months. Clearly, then, the Government was not required to file an informational notice under § 851(a)(1), and Torres' trial counsel was not ineffective for failing to raise this meritless claim at sentencing.

**3. Claim of Ineffective Assistance for Failure to Advise Petitioner of Possibility of Career–Offender Enhancement**

Torres's next claim is that he was denied the effective assistance of counsel when his trial counsel failed to advise him of the possibility that his sentence would be enhanced under the relevant career-offender provisions. Torres alleges that his trial attorney "was of the belief that Petitioners [*sic*] prior convictions in Puerto Rico **could not** be used to place Petitioner in the career offender status." Dkt. No. 1 (emphasis in original).

■ Even assuming, *arguendo*, that Torres' trial lawyer was deficient for allegedly failing to understand that Torres' prior convictions in the courts of Puerto Rico could be used in determining Torres' status as a career offender, Torres can demonstrate no prejudice. Because Torres pled guilty, "the prejudice prong of the [*Strickland*] test requires him to show that, but for his counsel's unprofessional errors, he probably would have insisted on his right to trial." *United States v. LaBonte*, 70 F.3d 1396, 1413 (1st Cir.1995), *rev'd on other grounds*, 520 U.S. 751, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997).

Torres' showing of prejudice is limited to asseverating that "[h]ad counsel properly advised Petitioner that he would be facing a Career Offender sentence, Petitioner would have insisted on going to trial, putting the government to the test of proving its case beyond a reasonable doubt." In *LaBonte*, the First Circuit disposed of a § 2255 petition presenting virtually identical circumstances. In *LaBonte*, the petitioner contended that his trial counsel "assured him that his sentence would be no more than eighteen months, and that there was simply 'no way' that he would be sentenced as a

career offender . . . ." *LaBonte,* 70 F.3d at 1413.

This Court need not go beyond the First Circuit's reasoning in *LaBonte.* The First Circuit stated that

> [e]ven a generous reading of this claim leaves no doubt that [the petitioner] failed adequately to allege any cognizable prejudice. An attorney's inaccurate prediction of his client's probable sentence, standing alone, will not satisfy the prejudice prong of the ineffective assistance test. Similarly, [the petitioner's] self-serving statement that, but for his counsel's inadequate advice he would have pleaded not guilty, unaccompanied by either a claim of innocence or the articulation of any plausible defense that he could have raised had he opted for a trial, is insufficient to demonstrate the required prejudice.

*LaBonte,* 70 F.3d at 1413.[1] Here, Torres merely asserts that he would have gone to trial if he had known that he would be facing sentencing as a career offender. In view of Torres' inability to demonstrate prejudice, this claim is hereby denied.

WHEREFORE, for all of the reasons set forth above, the Court denies Torres's § 2255 petition. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

---

1. The First Circuit went on to remark, "[t]o add the finishing touch, the plea agreement that [the petitioner] signed stated in so many words that he faced a maximum possible sentence of thirty years' imprisonment [among other factors detracting from the validity of the petitioner's claim]." In the instant case, the plea agreement that Torres signed stated clearly that he could receive a sentence of life imprisonment.